STATE EX REL. JOHN CHAPMAN v. STANLEY TINKER

SUPERIOR COURT     NEW LONDON COUNTY     FILE No. 30841

Memorandum filed December 14, 1964

*Shepherd, Murtha & Merritt,* of Hartford, for William J. Willetts, special assistant state's attorney.

*Brown, Jewett & Driscoll,* of Norwich, for the defendant.

KLAU, J. This is a proceeding in the nature of quo warranto in which the relator, John Chapman, hereinafter referred to as the plaintiff, seeks to test the legality of the appointment of the defendant to the office of member of the board of finance of the town of Bozrah. The plaintiff filed a substitute complaint confining the allegations solely to the defendant Stanley Tinker and withdrew the original action against all of the other defendants.

The parties have entered into a stipulation of facts, and the only evidence taken by the court was that of Richard Chapman as to whether he had abandoned his claim to have been elected as a member of the board of finance in the biennial town election held on October 7, 1963. The stipulation of facts indicates that on July 1, 1960 (the effective date of General Statutes § 9-167a), the board of finance of the town of Bozrah consisted of six members. Each had been elected for a six-year term; two terms expired in October, 1961, two in October, 1963, and two in October, 1965. The party affiliations of the members were four Republicans and two Democrats. One of the Republicans, Ralph Lathrop, had been elected at the town election of October, 1959, for a term expiring October, 1965. The election held in 1961 did not change the political complexion of the board. On May 1, 1962, Ralph Lathrop, a Republican as indicated, resigned from the board and Donald Whitney, then a Republican, was duly appointed on May 14, 1962, to fill the

vacancy thus created, for a term to end at the next town election, to be held in October, 1963. Prior to the biennial town election held on October 7, 1963, the board of finance was still composed of four Republicans and two Democrats. At the election held on October 7, 1963, there were two normal terms on said board to be filled, one held by a Republican and one by a Democrat, and in addition the vacancy created by the resignation of Ralph Lathrop was to be filled at the expiration of the term of his appointed successor.

Thus, before the filling of any such offices at the election on October 7, 1963, the board of finance was composed of two Republicans and one Democrat whose terms had not yet expired. Each party nominated candidates for each of the three offices to be filled at said election, the Democratic candidate for the vacancy being Edward Deschene and the Republican candidate being Richard Chapman. At the election, all Democrats received a greater number of votes than the Republican candidates, Edward Deschene receiving 516 votes and Richard Chapman receiving 214 votes for the vacancy. The moderator of the election declared Edward Deschene the winner of the office for which he was a candidate, and he was forthwith administered the oath of office and assumed the duties thereafter. On February 1, 1964, Edward Deschene resigned from the board of finance and on March 13, 1964, the board voted to appoint Stanley Tinker, the defendant, a Republican, to fill the vacancy thus created, to serve until October 4, 1965. The defendant Tinker has from the date of his appointment continued to exercise the rights, powers and privileges of said office. Other than to request the Republican town committee to press his claim to the office of the board of finance by reason of the votes which he obtained at the election held on October 7, 1963, Richard Chapman

did not take or seek to take the oath of office as a member of the board of finance and did not attend any meetings of the board of finance or seek to be seated as a member thereof.

The plaintiff claims that the defendant is illegally exercising the office of a member of the board of finance since Richard Chapman was elected to the vacant term on the board of finance of the town of Bozrah at the biennial election of October 7, 1963, despite the fact that he received a lesser number of votes than Edward Deschene. The plaintiff asserts that § 9-167a (d) requires such a conclusion.

Section 9-167a of the General Statutes was enacted as Public Act No. 665 of the 1959 session and became effective July 1, 1960. Subsection (d) of § 9-167a reads as follows: "(d) If an unexpired portion of a term is to be filled at the same time as a full term, the unexpired term shall be deemed to be filled before the full term for purposes of applying this section. At such time as the minority representation provisions of this section become applicable to any board, commission, committee or body, vacancies thereafter occurring shall be filled by election or appointment of a member of the same political party as that of the vacating member." It is the contention of the plaintiff that this subsection requires any vacancy to be filled by a member of the same political party as that of the vacating member, and since the vacancy occurred in the original term of Ralph Lathrop, who was elected in the October, 1959, election as a Republican and whose term did not expire until October, 1965, a vacancy in this particular term as a matter of law was required to be filled by a Republican, whether by election or appointment. The plaintiff further contends that since the vacancy was required to be filled before any full term, Richard Chapman, being a Republi-

can, of necessity had to be declared elected to fill the vacancy even though he received a lesser number of votes than Edward Deschene.

It is the defendant's contention that the above-quoted language of subsection (d) relating to the filling of vacancies does not become effective until the situation is reached where the election or appointment of one more member of a particular political party would result in something less than the minority representation required by the provisions of subsection (a) of the statute. Or stated in another way, the provision relating to the filling of vacancies becomes effective only after the maximum membership allowable under subsection (a) has been attained by a political party, and until the maximum number has been attained pursuant to the operations of subsections (b) and (c) of § 9-167a, candidates receiving a larger number of votes than their opponent cannot be displaced by such opponent in determining the election result.

Section 9-167a was adopted as Public Act No. 665 by the 1959 General Assembly. Its legislative history indicates that it originated from Senate Bill 505, which provided that no more than the bare majority, in the event of a board having an odd number of members, should be members of one political party, and not more than half of those elected, in the event of a board having an even number of members. As finally adopted, the act provided for a greater maximum than the bare majority. As stated by Senator Scanlon, chairman of the joint committee on judiciary and governmental functions, "We had before us in Judiciary Committee a bill, first that would provide for a bare majority of each such board. We felt that this was a little too strong and, therefore, came up with a bill that sets out within the bill itself the number of persons who

can be from any one party on boards of various sizes which are also set out within the bill and is before you now on page one of the bill, section 1." 8 S. Proc., Pt. 7, 1959 Sess., p. 3491.

Thus, while providing for minority representation, the committee was setting up a definite formula under subsections (a), (b) and (c) of the statute permitting a political party to obtain more than a simple majority of an odd-numbered board. Subsection (d) was amended in the house, on an amendment offered by Representative Turner of Bethany, to add the above-quoted provision "At such time as the minority representation provisions of this section become applicable to any board, commission, committee or body, vacancies thereafter occurring shall be filled by election or appointment of a member of the same political party as that of the vacating member." He offered little explanation for the amendment. See 8 H. R. Proc., Pt. 13, 1959 Sess., p. 6020. "Mr. Turner: (Bethany) This is the result of friendly cooperation between the Democratic Town Chairman in Bethany and myself, Republican Town Chairman. There is a defect in the existing statute; a loophole that this amendment will plug. I move its adoption." Perhaps an explanation as to what his intention was may be derived from his remarks in connection with a hearing on house bill 3950, "An Act concerning Vacancy Elections on Boards Having Minority Representation," which was held before the committee on elections on April 28, 1959. Hearings before the Joint Standing Committee on Elections, Conn. Gen. Assembly, 1959 Sess., p. 244. That bill, raised in committee but never reported, did purport to require vacancies to be filled by a member of the same political party as the member whose office was vacated. It further provided that only such party could nominate a candidate for such office. However, Representative Tur-

ner was interested in preventing, as his remarks indicated, a majority party from filling vacancies which might occur from resignations of minority representatives with members of the majority party to the full membership of the board, thus exceeding any limitation on the maximum number of members which any one political party was entitled to have. Section 9-167a, through the provisions of subsections (b) and (c), accomplishes the same result in effectively preventing a political party from obtaining by election or appointment a greater number of members than the maximum permitted under subsection (a). This appeared to be the view of Senator Scanlon in seeking the adoption of the bill thereafter in the senate as amended by house schedules B and C. In no way did he indicate that the amendment drastically altered the provisions of subsections (a), (b) and (c) as contended by the plaintiff. 8 S. Proc., Pt. 8, 1959 Sess., p. 4189.

Section 9-167a was designed to limit the normal right of the electors to elect all the members of one political party to every office if it obtains a majority. While intending to provide for minority representation, the statute should not be used to perpetuate a political party in an office where a vacancy occurs if to fill such a vacancy with a member of the majority political party would not exceed the maximum permissible to such party. The construction contended for by the plaintiff would destroy the formulas set forth in subsections (b) and (c) for determining representation. It is also a rule of construction that a statute is to be construed so as to make every part operative and harmonious with every other part. *Feldman* v. *Administrator,* 138 Conn. 724, 727. In this case, it can hardly be said that the General Assembly would go to such lengths to set forth in subsections (a), (b), and (c) a procedure clearly designed to protect the minority of

two on boards of six members, only to change the entire theory of the law in the treatment of vacancies under subsection (d).

At the election held on October 7, 1963, in the town of Bozrah in accordance with the formula set forth in subsection (b) of § 9-167a, three Democrats and two Republicans were eligible for election. Subsection (b) requires the application of a formula for determining the maximum number of members of each party eligible for election. The following table, concurred in by the plaintiff in his brief, demonstrates the application of the provisions of subsection (b) as to the maximum number of members of the board of finance of each party eligible for election at the town election of October 7, 1963.

|  | *Democrats* | *Republicans* |
|---|---|---|
| From the number of members of one political party who are members of such body at the time of the election or appointment | 2 | 4 |
| subtract the number of members of such political party whose terms expire prior to the commencement of the terms for which such election or appointment is being held or made | -1 | -2 |
| and subtract the balance thus arrived at from the appropriate number specified in column II of subsection (a) of this section (maximum number from each political party). General Statutes § 9-167a (b). | 1 | 2 |
|  | 4 | 4 |
|  | -1 | -2 |
|  | 3 | 2 |

Maximum number of members of each party eligible for election on October 7, 1963.

Three Democrats were elected, so that the total number of Democrats occupying the board of finance

following the election was four and the total number of Republicans was two. The maximum number permissible under subsection (a) was not exceeded by the election of three Democrats as members of the board of finance of the town of Bozrah, for the election of which offices they were eligible under subsection (b) of the act and from which they have not been excluded by subsection (c) of the act.

To declare Richard Chapman entitled to the office of member of the board of finance although he received less than one-half of the votes cast for Edward Deschene would be to nullify the will of the electorate when such nullification is not required by the statute. The vacancy filled by the election of Deschene was not a decrease in the minority provided for under § 9-167a. The minority representation of two assured by such subsection is still continued in the board of finance of the town of Bozrah.

It is the conclusion of the court therefore that Edward Deschene was lawfully elected to the board of finance in the town of Bozrah at the election held October 7, 1963. When he resigned on February 1, 1964, a vacancy existed. When the board of finance on March 13, 1964, having the power to fill vacancies until the next biennial election, voted to appoint the defendant, a Republican, to fill the vacancy and to serve until October 4, 1965, it was not violating § 9-167a in making such an appointment even though it did not fill the vacancy by the appointment of a member of the same political party as that of the vacating member (Edward Deschene, a Democrat), since there is nothing in the statute which requires the appointment to the vacancy to be of a member of the same political party as that of the vacating member unless so to do would exceed the maximum number permitted to any one party. The defendant is, therefore, entitled to exercise the rights, powers

and privileges of the office as a member of the board of finance of the town of Bozrah.

Judgment may be entered in favor of the defendant together with costs.