## STATE EX REL. COLLIN BENNETT *v.* WILLIAM E. GLYNN ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 7—decided November 23, 1966

*William C. Bieluch,* with whom were *Igor I. Sikorsky, Jr.,* and *Richard M. Rittenband,* for the plaintiff.

*Nataleno A. Coco,* assistant corporation counsel, for the defendants.

KING, C. J. This action was reserved by the Superior Court on a stipulation of facts requesting an answer to one specific question. That question is: "Does Section 9-167a of the General Statutes, as amended, apply to the Board of Tax Review of the City of Hartford?" The statute mentioned is the so-called "Minority Representation" statute, and it is obvious that an answer to the question propounded is sufficiently in the public interest so that this court is justified in entertaining the reservation. Practice Book §§ 738, 739; General Statutes § 52-235; *Barr* v. *First Taxing District,* 147 Conn. 221, 223, 158 A.2d 740.

Section 9-167a had its origin in No. 665 of the 1959 Public Acts and was amended by No. 592 of the 1963 Public Acts by the addition of a provision (now subsection [g]) which fixed rules for determining, in the application of the statute, the political affiliation, if any, of a given person. Section 9-167a now appears, including the 1963 amendment, in the General Statutes, as revised to 1964.

The portions of § 9-167a which are material to this appeal read as follows: "(a) The maximum number of members of any board, commission, committee or similar body of the state or any political subdivision thereof, whether elective or appointive, except any such board, commission, committee or body whose members are elected on the basis of a geographical division of the state or such political

subdivision, who may be members of the same political party shall be . . . [two where the total membership is three]. (b) Prior to any election for or appointment to any such body, the town clerk, in cases of elections, and the appointing authority, in cases of appointments, shall determine the maximum number of members of any political party who may be elected or appointed to such body at such election or appointment. . . . [Then follow the regulations or rules for the making of this determination.] (d) If an unexpired portion of a term is to be filled at the same time as a full term, the unexpired term shall be deemed to be filled before the full term for purposes of applying this section. At such time as the minority representation provisions of this section become applicable to any board, commission, committee or body, vacancies thereafter occurring shall be filled by election or appointment of a member of the same political party as that of the vacating member. (e) Nothing in this section shall be construed to repeal or modify any general or special act which provides for a greater degree of minority representation than is provided by this section. (f) Nothing in this section shall deprive any person who is a member of any such body on July 1, 1960, of the right to remain as a member until the expiration of his term. (g) For the purposes of this section, a person shall be deemed to be a member of the political party on whose enrolment list his name appears on the date of his appointment to, or of his nomination as a candidate for election to, any office specified in subsection (a) of this section, provided any person who has applied for erasure or transfer of his name from an enrolment list shall be considered a member of the party from whose list he has so applied for erasure or

transfer for a period of six months from the date of the filing of such application and provided further any person whose candidacy for election to an office is solely as the candidate of a party other than the party with which he is enrolled shall be deemed to be a member of the party of which he is such candidate."

Except as to vacancies, where it is provided that the person elected or appointed to fill a vacancy shall be of the same political party as the vacating member, § 9-167a achieves minority representation by limiting the number of members of any one party on both elective and appointive bodies. It does not, however, require membership on any such body from adherents of a minority party, as such. Thus if two members of the same political party were members of a given body with a total membership of three, the statute would forbid the appointment of a third member of the same political party but would not require (although of course it would permit) the appointment, as the third member, of a person who belonged to another recognized political party. Such an appointee could be, under the test of membership prescribed in subsection (g) of § 9-167a, a member of no political party.

Section 1-1 of the General Statutes provides that "[i]n the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language". *State* v. *Benson,* 153 Conn. 209, 214, 214 A.2d 903; *Baker* v. *Norwalk,* 152 Conn. 312, 315, 206 A.2d 428, and cases cited. We are concerned here with the legislative intention expressed in § 9-167a. *Rivera* v. *I. S. Spencer's Sons, Inc.,* 154 Conn. 162, 166, 223 A.2d 808; *Park Regional Corporation* v. *Town Plan & Zoning Commission,* 144 Conn. 677, 682, 136 A.2d

785; *Lee Bros. Furniture Co.* v. *Cram,* 63 Conn. 433, 438, 28 A. 540.

Under the language of subsection (a), § 9-167a, but for two exceptions, applies in terms to every municipal body, "whether elective or appointive". The first exception is in subsection (a) and covers any body "whose members are elected on the basis of a geographical division of ... [the municipality]". The second exception is in subsection (e) and permits a general or special act to provide for "a greater degree of minority representation than is provided by ... [the statute]". In other words, according to the commonly approved usage of the language of the statute, it clearly applies to the board of tax review of the city of Hartford, which is a body with a total membership of three, all electors of Hartford, who are appointed for staggered, three-year terms, by the common council of Hartford. Hartford Charter, c. 8 § 17 (1947); 25 Spec. Laws No. 30, p. 62 § 17.

The defendants claim that, regardless of its literal wording, General Statutes § 9-167a, if considered as a whole, discloses a "general intent" that it not be applicable to Hartford. In this connection the defendants stress the fact that § 9-167a was construed by the attorney general, in an opinion rendered July 17, 1959, as inapplicable to an elective body in Hartford, such as its common council, because a candidate for the council does not run under any party designation. 31 Conn. Atty Gen. Rep. 66. The attorney general did not, however, consider the applicability of the statute to an appointive body, such as Hartford's board of tax review. Thus we are now presented with an entirely different question.

The statute clearly purports to apply to elective

and appointive bodies. But even if we assume that the attorney general was correct in advising, in effect, that the statute is inapplicable to elective offices in Hartford, it by no means follows that the statute cannot and should not be applied to appointive offices in Hartford. The overriding desire of the General Assembly to compel minority representation by limiting the number of members of any one political party on any municipal body "whether elective or appointive" is clear and obvious. Even if the result sought cannot be attained with respect to the elected members of the common council, and as to this question we express no opinion, there is still nothing in the statute warranting a belief that the General Assembly did not want that result attained with respect to appointive bodies, such as Hartford's board of tax review.

If we accept, arguendo, the opinion of the attorney general that the statute is inapplicable to elective offices in Hartford, the situation becomes analogous to that obtaining where a portion of a statute is unconstitutional so that the statute cannot be applied in toto. "Where two or more parts of a statute are challenged [on the ground that one part is unconstitutional], the test is whether they are so mutually connected and dependent as to indicate a legislative intent that they should stand or fall together." *Amsel* v. *Brooks,* 141 Conn. 288, 300, 106 A.2d 152; *Burton* v. *Hartford,* 144 Conn. 80, 89, 127 A.2d 251, and cases cited. We find no suggestion of an intent in § 9-167a that, if minority representation cannot be achieved under the terms of the statute as to an elective body in a particular municipality, the General Assembly did not intend to have the statute apply to an appointive body in the same municipality.

The defendants attempt to avoid the clear language of the statute by the claim that the board of tax review is an "agency" and "arm" of the common council and that if, as the defendants claim, the minority representation statute does not apply to the council itself, it could not apply to its "agency" or "arm", the board of tax review. The defendants seem to base this claim on § 8 of chapter 2 of the charter, which provides that "[e]xcept as otherwise provided in this charter all powers vested in the city shall be exercised by the . . . common council". Hartford Charter, c. 2 § 8; 25 Spec. Laws No. 30, p. 39 § 7 (renumbered § 8 by 28 Spec. Laws No. 641, p. 840 § 2). The claim is without merit for at least two reasons.

The short answer is that even if the board of tax review were an agency or arm of the common council, that would have no bearing on the applicability to the board of the Minority Representation statute. As already pointed out, § 9-167a could apply to the board whether it did, or did not, apply to the council.

Furthermore, the board of tax review, although its members are appointed by the common council, is not an agency or arm of the common council. Rather, it is an agency or arm of the city of Hartford in carrying out its municipal function of taxation as authorized, and delegated to it, by the state. "Municipalities have no powers of taxation other than those specifically given by the statutes." *New Britain* v. *Mariners Savings Bank,* 67 Conn. 528, 532, 35 A. 505; *Chamberlain* v. *Bridgeport,* 88 Conn. 480, 490, 91 A. 380; see also Conn. Const. (1965) art. 10 § 1; *Avonside, Inc.* v. *Zoning & Planning Commission,* 153 Conn. 232, 236, 215 A.2d 409; *Baker* v. *Norwalk,* 152 Conn. 312, 314, 206 A.2d 428; 16

McQuillin, Municipal Corporations (3d Ed. Rev.) § 44.05. The basic grant of the power of taxation is conferred on the city of Hartford, not on its common council, by charter in subdivision (c) of § 1 of chapter 2, the material portions of which read as follows: "Subject to subsequent provisions of this charter the city shall have power: . . . (c) to lay taxes on the ratable estate within the city and on such other objects of taxation as may be authorized by law". 25 Spec. Laws No. 30, p. 37 § 1. The charter implements this basic power of taxation by detailed provisions in §§ 1, 5, 6, 7, 13, 14, 16, 17, and 18 of chapter 8.[1] 25 Spec. Laws No. 30, pp. 57 § 1; 58 § 5; 59 §§ 6, 7; 61 §§ 13, 14; 62 §§ 16, 17; 63 § 18. It should be noted that §§ 17 and 18 of that chapter establish the board of tax review and describe its powers and duties. In other words, these powers and duties are fixed by the charter. They are not left to the determination of the common council.

The defendants also advanced the claim that the whole government of Hartford is nonpartisan, and that consequently all bodies of that government fall within the express exception of subsection (e) of the statute in that Hartford's charter provides an even "greater degree of minority representation than . . . [is] provided [by § 9-167a]." This claim is without merit, at least as to the board of tax review, the entire membership of which consists of enrolled members of one political party. Under the stipulated facts, a majority of the common council refused to make reappointments to the board of tax

---

[1] Sections 6 and 7 were respectively amended in matters immaterial to this appeal in 1957 by Special Act No. 236 and in 1961 by Special Act No. 221. 28 Spec. Laws No. 236, p. 294; 30 Spec. Laws No. 221, p. 157.

review so as to reduce to two the members of any one political party, despite an opinion by an assistant corporation counsel, under date of August 14, 1959, that § 9-167a did apply to appointive, although not to elective, bodies in Hartford's government and therefore applied to members of the board of tax review. Obviously, Hartford's application of the statute did not provide an even "greater degree of minority representation" than that called for by the statute. Indeed, it provided no minority representation at all.

It is hardly necessary to point out that no repugnancy has been shown between the provisions of § 17 of chapter 8 of the charter (25 Spec. Laws No. 30, p. 62 § 17) and the provisions of General Statutes § 9-167a as to the qualifications of appointees to the board of tax review. See cases such as *Shanley* v. *Jankura,* 144 Conn. 694, 702, 704, 137 A.2d 536. Under § 17, the terms of the three members of the board are fixed at three years, so staggered that one regular member is appointed annually; each member is required to be an elector of the city and to be selected for his knowledge of taxation and real estate values; each member is prohibited from holding any other public office of profit except that of notary public; and it is further provided that the office of a member of the board of tax review shall become vacant if he ceases to be a resident of Hartford. We see nothing here repugnant to, or inconsistent with, § 9-167a, which merely adds a further requirement that not more than two members of the board shall be members of the same political party.

Finally, the defendants make much of the fact that a recommendation for an amendment to § 9-167a providing in specific terms for the application of

the Minority Representation statute to appointive, but not elective, bodies in municipalities which, like Hartford, hold nonpartisan elections, was not adopted by the 1963 session; and that a proposed amendment to § 9-167a, specifically providing for its applicability to municipalities whether their elections are conducted on a partisan or nonpartisan basis, failed of adoption at the 1965 session.

These proposed amendments may have failed of adoption because of partisan political considerations or because the General Assembly felt that the statute was clearly applicable as worded and consequently needed no clarification or amendment. But whatever the reason, the inaction of the General Assembly cannot be given controlling weight, as to the board of tax review, over the unequivocal language of the statute. See cases such as *Lee Bros. Furniture Co.* v. *Cram,* 63 Conn. 433, 438, 28 A. 540.

We conclude that the statute clearly applies to the board of tax review of the city of Hartford, and that not more than two members of that board may properly belong to the same political party under the test provided in subsection (g) of § 9-167a of the General Statutes.

To the question in the reservation we answer "Yes."

Pursuant to the stipulation of the parties, which the court approves, no costs shall be taxed against either party.

In this opinion the other judges concurred.