## State ex rel. Andrew G. Santaniello *v.* Thomas F. O'Connor

Superior Court  Fairfield County  File No. 144735
at Bridgeport

Memorandum filed October 31, 1972

*Zeldes, Needle & Cooper,* of Bridgeport, for the plaintiff.

*Flaherty & Vallerie,* of Norwalk, for the defendant.

FitzGerald, J. This is an action of quo warranto under the statute (General Statutes § 52-491) in which the relator, Andrew G. Santaniello, hereinafter referred to as the plaintiff, seeks to test the authority of the respondent, Thomas F. O'Connor, hereinafter referred to as the defendant, to hold and occupy the office of a member of the three-member board of district commissioners for the

first taxing district of the city of Norwalk. The defendant's right to hold and occupy the office in question is being challenged by the plaintiff as being in violation of § 9-167a of the General Statutes, with particular reference to subsection (g) thereof, adopted by amendment to the statute in 1963. Public Acts 1963, No. 592.

The statute is the so-called minority representation statute. It has been before our Supreme Court for interpretation twice since its adoption in 1959 (Public Acts 1959, No. 665) and amendment in 1963. See *State ex rel. Bennett* v. *Glynn*, 154 Conn. 237 (1966); *State ex rel. Maisano* v. *Mitchell*, 155 Conn. 256 (1967).

I

In lieu of the presentation of evidence, counsel for the parties have stipulated in regard to those facts they deem material to the problem of the court. Briefs of counsel have been submitted in which they argue the position of their respective clients. The question presented for decision, as stated in the plaintiff's brief, is framed in the following language: "For purposes of determining minority representation, are the three [present] District Commissioners in the First Taxing District [of Norwalk] deemed to be members of the same political party?"

The stipulation of facts submitted by the parties is summarized. The board of district commissioners for the first taxing district of the city of Norwalk, hereinafter referred to as the board, consists of three members. The candidates on the ballot for the election to the office of commissioner at the election held in 1967 were Joseph Nachajski; Andrew G. Santaniello, the plaintiff herein; and Helen M. McBennett. While the stipulation does not so recite, municipal elections are held in Nor-

walk on the first Tuesday after the first Monday in November in the odd-number years; and the commissioner elections referred to herein were to elect one member to the three-member board for a term of six years; every two years a commissioner election is held to elect one such member.

Nachajski was an enrolled member of the Independent party, a major party under the Connecticut election laws; the plaintiff was an enrolled member of the Republican party; Mrs. McBennett was not an enrolled member of any political party. Mrs. McBennett in the 1967 election was nominated by the Democratic party and also nominated by petition bearing the party designation "Good Government Party." At that election Mrs. McBennett received the greatest number of votes, of which 21 were cast for her on the Good Government ticket and 1542 on the Democratic ticket. Nachajski received 997 votes, being the second greatest number of votes received, and the plaintiff received 731 votes, being the third greatest number of votes received. Mrs. McBennett was declared the winner of the election in 1967 to the board in question. Her election thereto was not challenged.

The membership of the board in question from 1967 until 1969, following the 1967 election, consisted of Nicholas J. Bredice and Charles E. Sutton, both Democrats, and Helen M. McBennett, who was not an enrolled member of any political party.

Again in 1969 an election was held to elect one member to the board in question. The candidates on the ballot for election were Nicholas J. Bredice and Anthony L. Angione. At that election Bredice received 1457 votes, being the greatest number received, and Angione 1083 votes. Bredice, a Democrat, was declared the winner. His election was not challenged. The membership of the board after

the 1969 election consisted of Nicholas J. Bredice and Charles E. Sutton, both Democrats, and Helen M. McBennett, who was not an enrolled member of any political party.

Once again, two years later, on November 2, 1971, an election was held to elect one member to the board in question. The candidates on the ballot were Thomas F. O'Connor, a Democrat and the defendant herein, and Andrew G. Santaniello, a Republican and the plaintiff herein. At the election O'Connor received 1402 votes, being the greatest number of votes received, and Santaniello received 890 votes, being the second greatest number of votes received. O'Connor was declared the winner of the November 2, 1971, election to membership on the board in question. O'Connor is an enrolled member of the Democratic party and was listed on the ballot for the November 2, 1971, election only as the candidate of the Democratic party for the office in question. Santaniello is an enrolled member of the Republican party and was listed on the ballot for the November 2, 1971, election only as the candidate of the Republican party for the office in question. At the time of the November 2, 1971, election, two members of the board, namely, Helen M. McBennett and Charles E. Sutton, were serving unexpired terms thereon. Since the 1971 election to date hereof, the board in question has been composed of three serving members, namely, Charles E. Sutton, Helen M. McBennett and Thomas F. O'Connor. Of this present membership, Sutton and the defendant O'Connor are Democrats and enrolled as such; Mrs. McBennett is not an enrolled member of any political party.

While the stipulation of facts does not recite that the plaintiff, Andrew G. Santaniello, or anyone else challenged the declaring of the defendant

Thomas F. O'Connor as the winner of the November 2, 1971, election, this would appear to be implicit and a fact not in dispute. The petition to the court is dated November 10, 1971, eight days after the election, and the order to show cause was issued on the following day.

## II

In *State ex rel. Maisano* v. *Mitchell,* 155 Conn. 256, our Supreme Court held in no uncertain language that § 9-167a of the General Statutes applies to the election of district commissioners for the second taxing district of the city of Norwalk. That being so, the statute necessarily applies to the election of district commissioners for the first taxing district of that city, being the taxing district under consideration in this case. In *Maisano,* also an action in quo warranto, the plaintiff, a candidate and member of the Republican party, polled 872 votes, and the defendant, a candidate and member of the Democratic party, polled 1884 votes, being the greatest number of votes received in the election for membership on the three-member board of district commissioners for the second taxing district of Norwalk. There were already two Democrats serving on the board. It was held on appeal to our Supreme Court that the defendant was holding office in violation of the minority representation statute, the statute under consideration in the case at bar, and the case was remanded with direction to the trial court to render judgment in favor of the plaintiff, decreeing that the defendant be ousted and excluded from membership on the board. Said the Supreme Court in part (p. 264): "The obvious purpose of the statute is to prevent a situation wherein a simple majority of the voters of one party can elect all its candidates, leaving a substantial minority of voters without an effective voice in government. . . . The language of the statute

is clear and unambiguous. . . . Since the defendant is a member of the Democratic party and two other members of the same party were already serving as members of the board, it is our conclusion that the defendant is holding office illegally."

Subsection (g) of § 9-167a of the General Statutes in pertinent part reads: "For the purpose of this section, a person shall be deemed to be a member of the political party on whose enrolment list his name appears on the date of his appointment to, or of his nomination as a candidate for election to, any office specified in subsection (a) of this section, provided . . . any person whose candidacy for election to an office is solely as the candidate of a party other than the party with which he is enrolled shall be deemed to be a member of the party of which he is such candidate."

The facts stipulated disclose that Mrs. McBennett was nominated by the Democratic party for the office of commissioner in the November, 1967, election and, as a Democratic candidate so nominated, polled 1542 votes as against Nachajski's 997 and Santaniello's 731 votes. It was the votes she received as a candidate of the Democratic party which credited her as being the candidate who had received the greatest number of votes for the office of commissioner in that election. Granting that Mrs. McBennett was not elected to office in 1967 as an enrolled Democrat, or as an enrolled member of any political party, she was in name and in fact the candidate of the Democratic party and as its candidate received the greatest number of votes over any of the other two candidates and was elected on that basis. In any view to be taken, Mrs. McBennett in 1967 was elected as a Democratic candidate and has held office as such since the election of 1967. The absence of any challenge as the result of the

elections of 1967 and 1969 should not preclude the propriety of a challenge and test of the legality of the 1971 election. Indeed, no such claim has been advanced in these proceedings.

The defendant argues that the language of the statute in its entirety cannot give any validity to the plaintiff's claim that the challenged election of November 2, 1971, contravenes any of the provisions of § 9-167a of the General Statutes. That statute has been well called the minority representation statute. The earlier quotation from the opinion of our Supreme Court in *State ex rel. Maisano* v. *Mitchell,* 155 Conn. 256, and subsection (g) of the statute, also quoted earlier herein, when applied to the facts of the case, can lead to but one conclusion: The present composition of the board in reality and as a practical matter is sufficiently identified with one political party—the Democratic party—to violate the scope and intendment of the statute and leave a substantial minority of voters without an effective voice in local government.

This case and the proceedings therein are concerned solely with the outcome of the November 2, 1971, election and the political composition of the board as a result of that particular election. The presence of Thomas F. O'Connor, the defendant herein, as a member of the board—following the election of November 2, 1971—as the declared winner entitled to membership on the board violates the objective the statute is designed to accomplish—a minority representation. This is because the defendant is himself a Democrat, an enrolled member of the Democratic party, and a nominee of that party elected as such, and because another member, in the person of Charles E. Sutton, has the same background. While Mrs. McBennett, the third member of the board, is not an enrolled member of

any political party, nevertheless in 1967 she was elected to the board as a candidate of the Democratic party. The question framed by the plaintiff, as stated in the third paragraph of this memorandum, is answered "Yes."

It is held and concluded that the present composition of the board in question is illegal in that it violates the spirit and intendment of the minority representation statute. As the board is presently composed, all three of its members are under the aegis of the Democratic party in one form or another. This could work a disadvantage to minority voters which the statute patently was designed to forestall and to prevent. Obviously, the lawmakers never intended that the statute should be circumvented in the manner attempted. It is considered, and so ruled, that the statute as amended makes illegal the present composition of the board, whose membership consists of two nominated, elected and enrolled members of the Democratic party and a third member, Mrs. McBennett, who, while not an enrolled member of any political party, was elected to the board as a nominee of, and a candidate of, the Democratic party in 1967 and is serving the term for which she was elected. It is the challenge resulting from the 1971 election which has given rise to the issue presently before the court upon which an adjudication is sought.

### III

The court, having heard the parties on the facts stipulated, finds the issues for the plaintiff and that the plaintiff holds the office or position of a member of the three-member board of district commissioners for the first taxing district of the city of Norwalk as of right and is entitled to exercise and enjoy all the rights, powers and privileges thereof.

82

Whereupon, it is adjudged that the defendant be, and he is hereby, ousted and altogether excluded from that office, and that the plaintiff recover of the defendant his taxable costs allowable by law.

The judgment file is to be prepared by counsel for the plaintiff and submitted to the court for approval, bearing the date of the filing of this memorandum. Reference is made to Practice Book, Form 521.