PATRICIA GRODIS *v.* ROBERT W. BURNS ET AL.
(11104)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued February 10—decision released May 3, 1983

*Bruce E. Hawley,* for the appellant (plaintiff).

*Kurt M. Ahlberg,* assistant town attorney, with whom, on the brief, was *Thomas C. Thornberry,* for the appellee (named defendant).

PETERS, J. At issue in this appeal is the proper interpretation of a subsection of General Statutes § 9-167a,[1]

---

[1] The Minority Representation Statute provides, in relevant part: "Sec. 9-167a. MINORITY REPRESENTATION. (a) The maximum number of members of any board, commission, committee or similar body of the state or any political subdivision thereof, whether elective or appointive, except any such board, commission, committee or body whose members are elected on the basis of a geographical division of the state or such political subdivision, who may be members of the same political party shall be as specified in the following table:

| COLUMN I Total Membership | COLUMN II Maximum from one Party |
|---|---|
| 3 | 2 |
| 4 | 3 |
| 5 | 4 |
| 6 | 4 |
| 7 | 5 |
| 8 | 5 |
| 9 | 6 |
| More than 9 | Two-thirds of total membership |

. . . (d) If an unexpired portion of a term is to be filled at the same time as a full term, the unexpired term shall be deemed to be filled before the full term for purposes of applying this section. At such time as the minority representation provisions of this section become applicable to any board,

the so-called Minority Representation Statute. The plaintiff, Patricia Grodis, brought an action in quo warranto[2] claiming that the defendant Robert Burns is holding office on the defendant Stratford Housing Authority in violation of § 9-167a (d). The trial court ruled in favor of the defendant and the plaintiff has appealed.

The stipulated facts and the trial court's memorandum of decision indicate the following. At all times relevant to this action, the defendant Stratford Housing Authority (Authority) was subject to General Statutes § 9-167a (statute). At the time the action arose, the Authority was composed of five members, three of them Republicans and two Democrats. Prior to the conclusion of his five-year term, one of the three Republicans resigned from the Authority. Two candidates were nominated before the defendant Stratford Town Council (Council) to fill the resultant vacancy for the duration of the unexpired term. One of the nominees was the plaintiff, a Republican, and the other was the defendant Burns, a Democrat. Burns received six votes, the plaintiff received five votes, and Burns was subsequently placed in office. His placement shifted the proportion of party affiliations on the Authority to three Democratic and two Republican.

Thereafter the plaintiff brought an action in quo warranto requiring, respectively, the defendant Burns to demonstrate by what warrant he was holding office, and the defendants Council and Authority to appoint the plaintiff to Burns' seat on the Authority. The plain-

commission, committee or body, any vacancy thereafter occurring which is to be filled by appointment shall be filled by the appointment of a member of the same political party as that of the vacating member."

[2] The plaintiff's complaint also sought a writ of mandamus but the plaintiff conceded at oral argument that such a writ would not lie, because the plaintiff's claim, even if found proven, would only entitle a member of the plaintiff's political party, and not the plaintiff herself, to an appointment.

tiff based her claim on subsection (d) of the statute,
arguing that it required the vacancy on the Authority
to be filled by a member of the same political party—
in the present case, Republican—as that of the vacating
member. Subsection (d) provides: "If an unexpired por-
tion of a term is to be filled at the same time as a full
term, the unexpired term shall be deemed to be filled
before the full term for purposes of applying this sec-
tion. At such time as the minority representation pro-
visions of this section become applicable to any board,
commission, committee or body, any vacancy thereafter
occurring which is to be filled by appointment shall be
filled by the appointment of a member of the same
political party as that of the vacating member." The
trial court, *McGrath, J.,* upon determining that the
cited subsection applies only to "any vacancy . . .
which is to be filled by appointment," concluded that
the Council's selection of the defendant Burns con-
stituted an election, and that consequently subsection
(d) did not apply. The court therefore denied the plain-
tiff's claim.

On appeal the plaintiff, while conceding that subsec-
tion (d) applies only to appointments, claims that the
trial court erred in characterizing the Council's selec-
tion process as an election. The defendants, on the other
hand, urge us to hold, as did the trial court, that the
vote taken by the eleven-member Council transformed
its selection of Burns into something other than an
appointment. We agree with the plaintiff and reject the
trial court's reasoning.

"Appointment" is not expressly defined in the
Minority Representation Statute, but its use in many
provisions throughout the general statutes makes clear
the legislative intention that collective bodies such as
boards of trustees, commissions, and town councils
have the power, at times, to appoint as well as to elect.

See, e.g., General Statutes §§ 5-196 (c), 7-187 (a), 10a-89; see also *Sloane* v. *Waterbury,* 150 Conn. 24, 26, 183 A.2d 839 (1962); *McDonald* v. *New Haven,* 94 Conn. 403, 414, 109 A. 176 (1920). It is equally clear that in making an appointment of the kind at issue in the present case, a town council may encounter internal disagreement, and may resort to a vote of its membership to resolve that disagreement. We hold that recourse to such an expedient did not, in the circumstances of the present case, suffice to place the Council's action outside the purview of subsection (d).[3]

Our analysis cannot end, however, with resolution of the question of what constitutes an appointment. In order to qualify for relief under subsection (d), the plaintiff must also satisfy a second statutory condition on the obligation to fill a vacancy with a member of the same party. The relevant language, whose meaning the parties dispute, requires substitution within party ranks "[a]t such time as the minority representation provisions of this section become applicable." The plaintiff, ascribing no special meaning to these words, argues that the rights conferred by subsection (d) became fully enforceable from the time of the effective date of the statute. The defendants argue, to the contrary, that the clause incorporates by reference the remainder of § 9-167a, particularly subsection (a), which establishes the formula for minority representation.[4] If, as the defendants maintain, subsection (a) is a predicate for the applicability of subsection (d), then it is necessary

---

[3] While a similar selection process was, as the defendants correctly point out, deemed an election for purposes of § 9-167a in *State ex rel. Chapman* v. *Tinker,* 25 Conn. Sup. 436, 444, 207 A.2d 67 (1964), that case is not conclusive on this issue. When *Tinker* was decided, § 9-167a covered both elections and appointments. The court's characterization was therefore of no binding significance in its determination that the Minority Representation Statute was inapplicable.

[4] See footnote 1, supra, for full text of § 9-167a (a).

to determine whether, under subsection (a), the political makeup of the Authority, before the occurrence of the vacancy, made "the minority representation provisions . . . applicable." Applying the subsection (a) test to the undisputed facts before us, we must conclude that a five-person Authority with two Democrats and three Republicans does not fall within the strictures of subsection (a). Consequently, if the defendants' interpretation of subsection (d) is correct, there was in this case no occasion to invoke the requirement that the new appointee be of the same political party as the vacating member. Such an interpretation furnishes an alternative ground for sustaining the judgment of the trial court in favor of the defendants. Adopting this reasoning, we find no error.

In interpreting the proviso, we are aided by that canon of statutory construction which requires us to read the statute as a whole and so as to reconcile all parts as far as possible. *Connecticut Theatre Foundation, Inc.* v. *Brown,* 179 Conn. 672, 677, 427 A.2d 863 (1980); *Atwood* v. *Regional School District No. 15,* 169 Conn. 613, 621, 363 A.2d 1038 (1975). The other subsections of § 9-167a ensure no more than a minimum of minority representation. That the legislative intent was so limited is borne out by the history of the statute as originally enacted, which suggests that it was designed to cure "the lack of mandatory minority representation on all boards in the state or subdivisions of the state." 8 S. Proc., Pt. 7, 1959 Sess., p. 3491 (remarks of Senator John M. Scanlon); see Public Acts 1959, No. 665; accord *State ex rel. Maisano* v. *Mitchell,* 155 Conn. 256, 264, 231 A.2d 539 (1967); *State ex rel. Chapman* v. *Tinker,* 25 Conn. Sup. 436, 442, 207 A.2d 67 (1964). As the plaintiff would read subsection (d), appointments made to fill vacancies on a subject board would have to maintain the pre-vacancy status quo with respect to

party affiliations, even in the absence of any threat to minority representation. In the present case, such a reading would require us to maintain the plaintiff's party in the *majority* position on the Authority. In the absence of a plainer mandate, we cannot conclude that subsection (d) was designed to produce an effect so incongruous with the rest of the statute. Nor are we inclined to undertake such a judicial intrusion into the political process. We therefore hold that subsection (d) applies only to vacancies occurring in bodies that have already achieved maximum majority representation under subsection (a) of the statute and then only when the vacating member is of the minority party.

The plaintiff has advanced three arguments against this interpretation. First, she contends that "such time as the minority representation provisions of this section become applicable," in subsection (d), refers to the effective date of the statute. We reject this view outright. As originally enacted, the statute contained the provision, "[t]his act shall take effect July 1, 1960." Public Acts 1959, No. 665, § 7. The plaintiff's interpretation would therefore render the proviso mere surplusage, in contravention of our presumption that every sentence, phrase and clause of a statute has a purpose. *Hopkins* v. *Pac,* 180 Conn. 474, 476, 429 A.2d 952 (1980); *Engle* v. *Personnel Appeal Board,* 175 Conn. 127, 130, 394 A.2d 731 (1978); accord Littlefield, "Minority Representation Under Connecticut General Statutes 9-167a," 39 Conn. B.J. 386, 397 (1965). Second, the plaintiff asserts that the interpretation we are adopting possesses the same fault: namely, that it renders subsection (d) duplicative of subsection (a). We find this view equally unpersuasive. Where applicable, subsection (d) requires that the person filling a vacancy be of the same political party as the vacating member, whereas subsection (a) alone would require only that

the person filling the vacancy not be of the majority party. See *State ex rel. Bennett* v. *Glynn,* 154 Conn. 237, 240, 224 A.2d 711 (1966); see also Snyder & Pearson, "Effect of Malapportionment Cases on Political Subdivisions of the State," 39 Conn. B.J. 1, 21 n.59 (1965). Third, the plaintiff asserts that the 1976 amendment by the legislature to subsection (d) rendered it applicable to all vacancies on subject bodies. We disagree. While there is some language in the amendment's legislative history which supports the plaintiff's view,[5] the amendment as enacted did nothing other

---

[5] The legislative history of subsection (d) as originally enacted sheds little light on its meaning, but suggests that it was designed to implement rather than expand the principles of the statute. Representative John M. Turner, who offered it as an amendment to the original Senate bill, explained: "There is a defect in the existing statute; a loophole that this amend. will plug." 8 H. Proc., Pt. 13, 1959 Sess., p. 6020. In *State ex rel. Chapman* v. *Tinker,* 25 Conn. Sup. 436, 442, 207 A.2d 67 (1964), the Superior Court analyzed the subsection as we do, concluding that "the statute should not be used to perpetuate a political party in an office where a vacancy occurs if to fill such a vacancy with a member of the majority political party would not exceed the maximum permissible to such party." Id.

As originally proposed to the Senate, the 1976 amendment would have deleted subsection (d) entirely; 19 H. R. Proc., Pt. 5, 1976 Sess., p. 1873 (remarks of Representative Elmer W. Lowden); seemingly based on the perception that *Tinker* had deemed it in conflict with prior subsections. Id. The Senate version restored subsection (d) but omitted references to "elections." Subsequently, in the House, the following exchange occurred:

"Rep. Robert D. Shea (19th):

Just a quick question. It's easier for a question, then me to (inaudible) through this. If I give an example of a nine-member elected Counsel [sic] . . . town or city Counsel [sic], where there is a five-four split, and one of the minority members leaves, and there is a vacancy that occurs. Must the appointment be of the same political party as that minority, in the case I cited?

The Speaker:

Gentlemen of 146th, care to respond?

Rep. Elmer W. Lowden (146th):

Mr. Speaker, through you, the bill does provide exactly that. If a vacancy occurs, and is to be filled by appointment, it must be an appointment by the same political party." 19 H. R. Proc., supra, p. 1878.

We recognize that Representative Lowden's interpretation does not comport with our view of subsection (d). It must be noted, however, that

than restrict the operation of subsection (d) to "appointments."[6] Since we have already recognized that the selection of the defendant Burns was an appointment, the amendment does not further the plaintiff's cause. We note as well that the proviso whose construction we hold dispositive of this appeal was in no way altered by the 1976 amendment, having its origin in the statute as enacted in 1959.

There is no error.

In this opinion the other judges concurred.

---

in reading the subsection, Representatives Lowden and Shea were interpreting the language of the original 1959 enactment in the context of a debate over deletion of the subsection's reference to "elections." The language with which we are presently concerned had been given its present construction in *Tinker* and, except for the removal of elections from its scope, that language was preserved in the amendment. In revising the statute, the legislature re-enacted it and is presumed to have impliedly ratified prior judicial interpretation of it. *State* v. *Kyles,* 169 Conn. 438, 442, 363 A.2d 97 (1975); *Turner* v. *Scanlon,* 146 Conn. 149, 156, 148 A.2d 334 (1959); see *Anderson* v. *Ludgin,* 175 Conn. 545, 555, 400 A.2d 712 (1978). An amendatory act is presumed not to change the existing law further than is expressly declared or necessarily implied. *Doe* v. *Institute of Living, Inc.,* 175 Conn. 49, 63, 392 A.2d 491 (1978); *Norwalk* v. *Daniele,* 143 Conn. 85, 89,119 A.2d 732 (1955). Under the circumstances we find the 1976 amendment inconclusive of the issue before us.

[6] Subsection (d), as amended in Public Acts 1976, No. 76-173, provides: "(d) If an unexpired portion of a term is to be filled at the same time as a full term, the unexpired term shall be deemed to be filled before the full term for purposes of applying this section. At such time as the minority representation provisions of this section become applicable to any board, commission, committee or body, [vacancies] ANY VACANCY thereafter occurring [shall] WHICH IS TO be filled by [election or] appointment SHALL BE FILLED BY THE APPOINTMENT of a member of the same political party as that of the vacating member." The amendment deleted the bracketed words and added the words in capital type.