[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a quo warranto action seeking to remove the defendant from the office of first selectman of the town of Somers. On November 14, 1996, Robert Percoski, the first selectman of Somers and a democrat, passed away, creating a vacancy in that office as well as on the three member board of selectmen. The remaining two selectmen, the defendant and Phillips H. Roland, acting under CGS § 9-222 voted on December 11, 1996 to appoint the defendant, Richard H. Jackson, III (hereinafter also "Jackson"), a republican, first selectman. Thereafter, on January 6, 1997, the Somers board of selectmen, consisting of Richard H. Jackson, III and Phillips H. Roland, (hereinafter also "Roland") appointed Allyson H. Vecchiarelli, a democrat, (hereinafter also "Vecchiarelli") to the remaining position on the board of selectmen. See Stipulation of Facts and Issues dated January 15, CT Page 761 1997 and Stipulation of Additional Facts dated January 29, 1997 attached hereto as Schedules A and B, which stipulations the court accepts and finds and are incorporated herein by reference. In addition, the parties stipulated orally at the court hearing of February 20, 1997 that the plaintiff (hereinafter also "Palmer") is a taxpayer of the town of Somers. The court, therefore finds that the plaintiff has standing to bring this action. The court further found at said hearing and now reaffirms that the issues in this case are not moot and that the plaintiff's actions do no constitute an acquiescence in the appointment of Mr. Jackson. The court, therefore, reaffirms that it does have jurisdiction in this case and as done orally at the hearing, defendant's motion to dismiss based upon an alleged lack of subject matter jurisdiction is denied.
The court further finds that the office of first selectman and being a member of the board of selectmen are separate and distinct even though the first selectman is also a member of the board of selectmen. This is based upon the provisions of the town charter, what appeared to be an oral stipulation to that effect by the parties, mention of same in the briefs and the court's own findings that (1) to hold the office of first selectman is to be the chief executive officer of the town and to be a member of the board of selectmen is to be a member of the legislative body of the town; and (2) the fact that the first selectman is elected separately from the other members of the board of selectmen. The voters presumably know that by voting separately for first selectman they are voting for the Town's chief executive officer. The first selectman is automatically a member of the board, but for the issues in this case and the reasons stated, the office of first selectman and being a member of the board of selectmen will be considered separate and distinct.
Plaintiff claims that the aforesaid appointment of the defendant was in violation of CGS § 9-167a(d), and the defendant claims the appointment of the defendant was legal in accordance with CGS § 9-222 notwithstanding the provisions of CGS § 9-167a.[1]
The issue before the court, therefore, as stated by the parties in their stipulations is "Was the appointment of Richard H. Jackson, III to the position of First Selectman permitted under CGS Section 9-222 or did CGS Section 9-167a(d) require the appointment of a Democrat to the position of First Selectman?" CT Page 762
The parties have cited the cases of State ex rel. Chapman v.Tinker, 25 Conn. Sup. 436 (1964) and Grodis v. Burns, 190 Conn. 39
(1983). Tinker involved a six member board of finance of the Town of Bozrah each elected for a six year term with the expiration dates of said terms being staggered, clearly showing that their elections were not all on the same date. Grodis
involved the five members of the Stratford Housing Authority. Neither case involved a first selectman or board of selectman and, therefore, neither involved CGS § 9-222. While these cases are interesting, they address only CGS § 9-167a and not the situation in the case at bar.
Accordingly, and as agreed between the parties, this is acase of first impression in Connecticut.
These statutes, if they are clear, must be applied according to their words. The basic rules of statutory construction must apply. Where a statute is clear and unambiguous ". . . . the court is confined to the intention which is expressed in the words used." Federal Aviation Administration v. Administrator,196 Conn. 546, 550 (1985). Where the words of a statute are clear, the court's task is to merely apply the explicit directive of the legislature. Verrastro v. Silverstein, 188 Conn. 213 (1982). The words of CGS § 9-222 are clear. "When a vacancy occurs in the office of first selectman . . . it shall be filled within thirty days . . . by the remaining members of the board of selectmen.Said remaining members may appoint one of themselves to fill avacancy in the office of first selectman, if they sodesire . . .". No mention is made of political affiliation in this appointment by the selectmen. It is only if said two remaining selectmen fail to act within thirty days that the choice is then made by elective officers of the same political party of the person who has vacated the office. In the case at bar the remaining selectmen did act within thirty days by appointing one of themselves. Therefore, the determination based upon political affiliation never became operative. It is clear that Jackson and Roland acted in accordance with the first two sentences of the statute which are clear and unambiguous. Further, the legislature, by its wording made a clear distinction between no political affiliation when the remaining selectmen act and political affiliation when the selectmen do not act. If the legislature had wished to put in a limitation of political affiliation in the selectmens' choice, it had the opportunity to do so and chose not to. The legislature was obviously aware of the issue of political affiliation because they included that in CT Page 763 the action to be taken if the selectmen failed to act. They put it (political affiliation) in one set of facts and not in the other. By their very words, therefore, political affiliation was not required to be considered when the selectmen acted.[2]
Although the court does not have to go beyond the words as expressed, it does, nevertheless, draw a reasonable inference that the selectmen were given such liberal discretion in order to give them an opportunity to select someone with experience and someone who had previously received the approval of the voters. Either one of them would have filled these two qualifications.
The same rule of statutory construction applies to CGS §9-167a. Where the words of a statute are clear, the court's task is to merely apply the explicit directive of the legislature.Verrastro, supra. CGS § 9-167a, specifically CGS § 9-167a(d), is clear on its face. The condition precedent to the appointment of a member of the same political party is that the appointment be ". . . . to any board, commission, committee or body". Common usage of and definition in the English language describes each of these four entities to be of multiple membership.[3] The office of first selectman is clearly an office of one, not a multiple office. That office, as stated above, is separate and distinct from being a member of the Board of Selectmen, a legislative body. Although Grodis, supra, is not in point under the facts of the case at bar, it does hold, on page 45 ". . . that subsection (d) applies only to vacancies occurring in bodies . . .". The office first selectman is clearly not a body.[4] Accordingly, the court finds that CGS § 9-167a(d) by its own words does not apply to the office of first selectman.[5] The court finds both statutes to be clear and unambiguous on their face and that the explicit directives of the legislature is clear and have the meanings described above.
Assuming arguendo, that they are not clear and that CGS §9-167a(d) does, as plaintiff contends, apply to the case at bar, it would be necessary to resolve its conflict with CGS § 9-222
in favor of CGS § 9-167a(d) in order for plaintiff to prevail. However, "It is a well-settled principle of [statutory] construction that specific terms covering the given subject matter will prevail over general language of the same or another
statute which might otherwise prove controlling." emphasis added.Atwood v. Regional School District No. 15, 169 Conn. 613, 622
(1975). In the case at bar, CGS § 9-222 is very specific as to how to fill the office of first selectman and § 9-167a(d) generally refers to ". . . any board, commission, committee or CT Page 764 body. . . ." On that basis alone, § 9-222 prevails over § 9-167a(d) in the case at bar.
Also, case law is quite clear that the legislature when enacting statutes acts with the knowledge of existing relative statutes and with the intent to create one consistent body of law. See State v. Marquis, 42 Conn. App. 186 (1996). When enacting § 9-167a(d) the legislature knew of the existence of § 9-222 and the method of replacing the first selectman, had the opportunity to apply subsection (d) specifically to the office of first selectman and chose not to do so. If the statutes were not clear on their face, although the court has found that they are, the intent of the legislature would prevail. The intent, for the reasons just mentioned, was not to have CGS §9-167a(d) supersede CGS § 9-222.
The court, when there is conflict or ambiguity, has the duty to reconcile seemingly inconsistent statutes. Where each statute can be given its own reasonable field of operation, it is the court's duty to give them concurrent effect. Verrastro v.Silverstein, supra. Further, the court must choose the interpretation that leads to the more reasonable result.
The clear purpose of CGS § 9-167a combining subsections (a) and (d) is to provide minority representation on boards, commissions etc. This was accomplished by appointing Allyson H. Vecchiarelli, a democrat, to the board of selectmen to fill the vacancy created by the appointment of Jackson as first selectman. The board now consists of two republicans, Jackson and Roland, and one democrat, Vecchiarelli, the same political representation that existed prior to the death of the previous first selectman. This is in compliance with § 9-167a. It is also in compliance with § 9-222. The statutes are thereby reconciled to achieve the results of both statutes which the court has already stated and which the court finds to be the more reasonable result.[6]
For the reasons set forth above, the court answers the question framed as the issue in this case as follows: The appointment of Richard H. Jackson, III to the position of first selectman was permitted under CGS § 9-222, and CGS § 9-167a(d) did not require the appointment of a democrat to the position of first selectman. The court, therefore, finds that Richard H. Jackson, III is legally occupying the office of first selectman of the town of Somers. Accordingly, judgment is hereby entered for the defendant. CT Page 765
Rittenband, J.