MARK MARTONE *v.* BRIAN LENSINK, COMMISSIONER
OF MENTAL RETARDATION
(13328)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and HULL, Js.

Argued March 9—decision released May 3, 1988

*Lawrence W. Berliner,* for the appellant (plaintiff).

*James P. Welsh,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (defendant).

PETERS, C. J. This appeal concerns the legal consequences that General Statutes § 4-181[1] attaches to an agency's ex parte submission of documents to an administrative hearing officer. The plaintiff, Mark Martone, appeals from the Superior Court's denial of his administrative appeal from the hearing officer's decision affirming the proposal of the defendant, Brian Lensink, commissioner of mental retardation, to transfer the plaintiff from one group home to another. We find error and remand for further proceedings.

The record discloses the following history: At the time the defendant decided upon the plaintiff's transfer, the plaintiff, a mentally retarded adult, was residing at the Great Pond Group Home in Simsbury. Upon

---

[1] "[General Statutes] Sec. 4-181. COMMUNICATIONS BETWEEN AGENCY MEMBERS AND EMPLOYEES AND PARTIES IN CONTESTED CASES. Unless required for the disposition of ex parte matters authorized by law, members or employees of an agency assigned to render a decision or to make findings of fact and conclusions of law in a contested case shall not communicate, directly or indirectly, in connection with any issue of fact, with any person or party, nor, in connection with any issue of law, with any party or his representative, except upon notice and opportunity for all parties to participate. An agency member may communicate with other members of the agency, and may have the aid and advice of one or more personal assistants."

being notified of the defendant's intention to transfer the plaintiff to the Copper Valley Group Home in Cheshire, his mother requested a formal administrative hearing pursuant to General Statutes § 19a-460 (b).[2] At the hearing the plaintiff was represented by counsel and the defendant was represented by employees who were not attorneys.

Subsequent to the hearing, the hearing officer affirmed the department of mental retardation's decision to transfer the plaintiff to the Copper Valley Group Home. She found that the Copper Valley Group Home, unlike the Great Pond Group Home, had a sprinkler system and met institutional fire code standards. Because the plaintiff's compliance with emergency fire drills had been inconsistent, the hearing officer concluded that his transfer to the Copper Valley Home was in his best interest.

In her findings of fact and conclusions of law, the hearing officer noted that, after the conclusion of the hearing, the defendant had submitted four documents that had never been provided to the plaintiff. These she identified as: (1) "Fire Safety Issue," (2) "Unit Description," (3) "Day Program Description" and (4) "60 Day Plan of Care." She further indicated: "These additional documents were not in any way considered by the undersigned in arriving at her decision. This decision is based only on evidence adduced at the hearing." After issuance of the decision, the plaintiff, invoking

[2] General Statutes § 19a-460 (b) provides: "The parent, guardian, conservator or other legal representative of any mentally retarded person who resides at any institution or facility operated by the department of mental retardation, or any mentally retarded person himself, who is eighteen years of age or older and who resides at any such institution or facility, may make a request, in writing, to the commissioner of mental retardation for a hearing on any transfer of such person from one institution or facility to another for any reason other than medical. Such hearing shall be conducted in accordance with the provisions of sections 4-177 to 4-184, inclusive."

General Statutes § 4-183,[3] promptly requested that the hearing be reopened on a variety of grounds, includ-

[3] General Statutes § 4-183 provides in relevant part: "APPEAL TO SUPE-RIOR COURT. (a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review by way of appeal under this chapter, provided, in case of conflict between this chapter and federal statutes or regulations relating to limitations of periods of time, procedures for filing appeals or jurisdiction or venue of any court or tribunal, such federal provisions shall prevail. A preliminary, procedural or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

\* \* \*

"(d) Within thirty days after the service of the petition, or within such further time as may be allowed by the court, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding appealed from, which shall include the agency's findings of fact and conclusions of law, separately stated. By stipulation of all parties to such appeal proceedings, the record may be shortened. A party unreasonably refusing to stipulate to limit the record may be taxed by the court for the additional costs. The court may require or permit subsequent corrections or additions to the record.

"(e) If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.

"(f) The appeal shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.

"(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. . . ."

ing the defendant's submission of additional documentation to the hearing officer without providing notice to the plaintiff or an opportunity to respond. The hearing officer denied the plaintiff's request.

As authorized by General Statutes § 4-183, the plaintiff thereafter appealed the hearing officer's decision to the Superior Court, claiming that the ex parte communication violated § 4-181 and rendered the hearing officer's decision void.[4] Relying on *Henderson* v. *Department of Motor Vehicles,* 4 Conn. App. 143, 493 A.2d 242 (1985), aff'd on other grounds, 202 Conn. 453, 521 A.2d 1040 (1987), the court held that the plaintiff had not sustained his burden of showing that the ex parte communication had prejudiced his rights. The administrative record forwarded to the court did not contain the additional documentation, and the plaintiff had not attempted to amplify the record. See General Statutes § 4-183 (f). Given this evidentiary lacuna, the court declared its inability to determine whether the ex parte communication had been prejudicial to the plaintiff.

On appeal, the plaintiff argues that the trial court erred in (1) allocating to him the burden of showing prejudice from the ex parte communication under § 4-181, (2) requiring him to produce copies of the documents for review, and (3) failing to find that the defendant's actions irreparably prejudiced his right to due process of law and failing to void the hearing examiner's decision. We agree with the plaintiff's first two claims, and order a remand to determine the third.

The proper allocation of the burden of proof in the event of an unauthorized ex parte communication in

---

[4] In the Superior Court, the plaintiff also claimed that the defendant had failed to sustain his burden of showing by clear and convincing evidence that the transfer was in the best interest of the plaintiff. That issue was fully examined and resolved against the plaintiff by the court, *Jackaway, J.,* and has not been pursued further in this court.

violation of § 4-181 was decided by this court subsequent to the trial court proceedings in this case. Section 4-181 states in relevant part: "Unless required for the disposition of ex parte matters authorized by law, members or employees of an agency assigned to render a decision or to make findings of fact and conclusions of law in a contested case shall not communicate, directly or indirectly, in connection with any issue of fact, with any person or party, nor, in connection with any issue of law, with any party or his representative, except upon notice and opportunity for all parties to participate." In *Henderson* v. *Department of Motor Vehicles*, 202 Conn. 453, 457–60, 521 A.2d 1040 (1987), we rejected the Appellate Court's view that a plaintiff who alleges a violation of § 4-181 bears the burden of showing prejudice. We held instead that if the statute was to be given significant effect, once a violation of the statute has been proved by the party seeking relief, the burden shifts to the agency to prove that no prejudice has resulted from the prohibited ex parte communication. Id., 460. A necessary corollary of our decision was that the agency had the burden of presenting to the trial court the substance of the contested ex parte communication. Id., 459.

The defendant does not take issue with our holding in *Henderson*. His principal argument is that the plaintiff has failed to show the necessary predicate for its applicability, a violation of § 4-181. Alternatively, even if such a showing has been made, the defendant maintains that any presumption of prejudice is rebutted by the unchallenged finding of the hearing officer, which the trial court upheld, that the plaintiff's best interest is served by his transfer to the Copper Valley Group Home. We find neither argument persuasive.

The defendant has made a two part claim in support of his argument that § 4-181 does not apply to the additional documentation submitted by the defendant to the

hearing officer in this case. First, he maintains that the statute's command to a hearing officer "not [to] communicate, directly or indirectly . . . with any . . . party" proscribes only communications initiated by the hearing officer. Second, if the statute were to include a communication received by a hearing officer, he maintains that the record presently before us does not demonstrate that she actually read the additional documents.

The proper scope of § 4-181's prohibition against ex parte communication in contested administrative proceedings is a question of statutory construction, in which we must give effect to the apparent intent of the legislature as it is manifested in the language employed by its draftsmen. *State* v. *Torres,* 206 Conn. 346, 354, 538 A.2d 185 (1988); *State* v. *Kozlowski,* 199 Conn. 667, 673–74, 509 A.2d 20 (1986). We have frequently emphasized that the words of a statute " ' "are to be given their commonly approved meaning, unless a contrary intent is clearly expressed." ' " *State* v. *Smith,* 194 Conn. 213, 221, 479 A.2d 814 (1984); *Harlow* v. *Planning & Zoning Commission,* 194 Conn. 187, 193, 479 A.2d 808 (1984). In statutory construction, we endeavor, moreover, "to read the statute as a whole and so as to reconcile all parts as far as possible." *Grodis* v. *Burns,* 190 Conn. 39, 44, 459 A.2d 994 (1983).

As commonly understood, "communicate" includes the interchange of thoughts and ideas. Webster, Third New International Dictionary (1971). To "communicate" can therefore encompass the receipt of information in addition to its active transmission. The legislature's use of the phrase "directly or indirectly" to characterize the proscribed action suggests in addition that it intended a more rather than less inclusive definition of communication.

Moreover, as part of the Uniform Administrative Procedure Act (UAPA), § 4-181 must be read in the context of the rights to a hearing in contested cases and to judicial review of administrative decisions afforded by the act. General Statutes §§ 4-177,[5] 4-183. " 'The right to a hearing embraces not only the right to present evidence but also a reasonable opportunity to know the claims of the opposing party and to meet them.' " *Leib* v. *Board of Examiners for Nursing,* 177 Conn. 78, 82, 411 A.2d 42 (1979), quoting *Morgan* v. *United States,* 304 U.S. 1, 18, 58 S. Ct. 773, 82 L. Ed. 1129 (1937). The right to judicial review is impeded if the reasons for an agency's actions are not accessible through a record. See *PATCO* v. *FLRA,* 685 F.2d 547, 564–65 n.32 (D.C. Cir. 1982); *United States Lines, Inc.* v. *FMC,* 584 F.2d 519, 541–42 (D.C. Cir. 1978). The prohibition of ex parte communications in § 4-181 effectuates these rights. As the commissioner's comments state with regard to the identical provision in the Model State Administrative Procedure Act, "[t]his section is intended to preclude litigious facts reaching the deciding minds without getting into the record. Also precluded is ex parte discussion of the law with the party or his representative." State Administrative Procedure, §§ 13, 14 U.L.A. 426 (Master Ed. 1980). The purposes of § 4-181 are to prevent one party from exerting improper influence on the decisionmaker; cf. *Seebach* v. *Public Service Commission,* 97 Wis. 2d 712, 721, 295 N.W.2d 753 (Wis. App. 1980); and to ensure that the reasons underlying his or her decision are on the record. Cf. *United States Lines, Inc.* v. *FMC,* supra. We

---

[5] Under General Statutes § 4-177 (b), parties in a contested case must have reasonable notice of the time and place of the hearing as well as of the matters to be addressed therein. All parties are to be afforded an opportunity "to respond and present evidence and argument on all issues involved." General Statutes § 4-177 (c). In addition, "[f]indings of fact shall be based exclusively on the evidence and on matters officially noticed." General Statutes § 4-177 (g).

would undermine these acknowledged statutory purposes if we were to accept the defendant's narrow interpretation of the phrase "shall not communicate" so as to permit a hearing officer to receive information without the knowledge of the opposing party. Notably, the defendant has cited no authority whatsoever in support of his construction of § 4-181.

The defendant's alternate argument raises a question of fact: that the record fails to establish a violation of § 4-181 because it does not demonstrate the hearing officer's receipt of the information contained in the documents at issue. Even if § 4-181 proscribes the receipt of an ex parte communication, the defendant maintains that the record discloses no evidence that the hearing officer in this case actually examined the documents that were improperly provided to her. In the defendant's view, the hearing officer's statement that the additional submission was "not considered" in her decision indicates that the hearing officer had not read the documents.

We view the record on this question, however, as sufficient to show at least a prima facie violation of § 4-181. The hearing officer's statement that she did not "consider" the documents, coupled with her express reference to each of the documents by its subject matter, indicates that, although she received the documents and may have read them, she excluded the information contained therein from her decision. To require a person contesting an ex parte communication to show more than the receipt of an unauthorized submission would be inconsistent with our reasoning in *Henderson*. As we there noted, "an adjudicating official may not ordinarily be subjected to inquiry concerning the mental process used in reaching a decision." *Henderson* v. *Department of Motor Vehicles,* supra, 459. It follows that the plaintiff here would have been precluded from ascertaining whether the hearing officer had read the

defendant's submission. To rebut the inference that an ex parte submission has caused prejudice, the other party is, however, free to present evidence from the hearing officer that he or she did not in fact read the documents prior to coming to a decision. As the record presently stands, the plaintiff has adduced sufficient evidence of a violation of § 4-181 to require the defendant to make an evidentiary showing to rebut an inference of prejudice, by demonstrating either that the hearing officer never read the documents that she received or that their contents did not adversely affect the disposition of the plaintiff's case. If indeed the hearing officer did read the documents, her statement that they did not enter into her consideration of the merits of the case, cannot, of course, be dispositive. *Connecticut Natural Gas Corporation* v. *PUCA,* 183 Conn. 128, 140, 439 A.2d 282 (1981).

Despite the inadequacy of the present record with regard to rebuttal of prejudice, the defendant urges us not to remand this case for further evidentiary proceedings. In the defendant's view, any presumption of prejudice is conclusively rebutted by the plaintiff's failure to challenge, on this appeal, the sufficiency of the evidence supporting the administrative determination that his best interests will be served by his transfer. See footnote 5, supra. The defendant's claim is, however, unpersuasive, because it erroneously equates substantive correctness and procedural fairness, two distinct aspirations of the UAPA.

In determining on the merits whether a hearing officer's decision is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record"; General Statutes § 4-183 (g) (5); the reviewing court must apply a standard similar to that applied in judicial review of a jury verdict. *Persico* v. *Maher,* 191 Conn. 384, 409, 465 A.2d 308 (1983). Under this restrictive standard, the court must consider whether

the evidence affords " ' "a substantial basis of fact from which the fact in issue can reasonably be inferred. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." ' " Id.

Section 4-183 (g) (4) also provides, however, that an agency's decision may be reversed or modified "if substantial rights of the appellant have been prejudiced because the administrative [decision is] . . . affected by other error of law . . . . " In the context of ex parte communications, the appropriate inquiry regarding prejudice to the appellant's right must focus on whether "the agency's decisionmaking process was irrevocably tainted so as to make the ultimate judgment of the agency unfair." *PATCO* v. *FLRA,* supra, 564–65; see *Seebach* v. *Public Service Commission,* supra, 721. Such a determination necessarily involves consideration of the role the ex parte communication played in the agency's decision.[6] Id. As the documents at issue in this case are not part of the record, we cannot conclude that the defendant would have been able to rebut the presumption of prejudice created by the agency's violation of § 4-183.

Just as we reject the defendant's argument that we must conclude that there has been no error in this case, so we reject the plaintiff's argument that the present record requires us to sustain his administrative appeal and to declare the decision of the hearing officer ordering his transfer to be void. As yet, there has been no

---

[6] A conclusion that the hearing officer's decision was amply supported by the evidence may be relevant to this determination, but it cannot be the sole dispositive factor when the substance of the ex parte communciations is not in the record. See, e.g., *Seebach* v. *Public Service Commission,* 97 Wis. 2d 712, 721–23, 295 N.W.2d 753 (Wis. App. 1980); see also *Connecticut Natural Gas Corporation* v. *PUCA,* 183 Conn. 128, 140 n.10, 439 A.2d 282 (1981).

proper factual finding about whether the plaintiff was prejudiced by the defendant's ex parte submission. In the trial court, the factual issue of prejudice was adjudicated improperly because of the court's legal error in allocating the burden of proof on that issue to the plaintiff. In consequence, the trial court erroneously imposed on the plaintiff the burden of producing the documents in question.

To correct the impact of the trial court's erroneous rulings, a further hearing must be held to permit an evidentiary inquiry, within the proper legal guidelines established by our opinion in *Henderson* v. *Department of Motor Vehicles*, 202 Conn. 453, 521 A.2d 1040 (1987), into whether the defendant's ex parte submission was in fact prejudicial. At that time the defendant may submit whatever evidence may be needed to show that his agency's departure from § 4-183 was a procedural irregularity that did not prejudice the plaintiff.[7] General Statutes § 4-183 (f). If the trial court nonetheless determines that the plaintiff's rights were in fact irreparably prejudiced by the hearing officer's decision, the plaintiff's appeal from that decision must then be sustained.

There is error, the judgment is set aside and the case is remanded to the trial court for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.

---

[7] In order to avoid the protracted litigation that this case represents, the defendant might consider the adoption of administrative guidelines instructing its personnel not to make ex parte submissions to hearing officers.