[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is a negligence action wherein the plaintiff Debbie Collins seeks damages for personal injuries caused by a fall on a slippery public sidewalk running along Spring Street in the Town of Wethersfield. The plaintiffs allege that the defendant, Townhouse Eighty-Eight Foundation, Inc. (Townhouse), a condominium association, had possession and control of the land adjoining the public sidewalk, and allowed mud and other debris to wash onto the public sidewalk causing it to be slippery.
The plaintiffs allege, in count four, that the defendant Townhouse violated the provisions of its bylaws by failing to properly maintain the embankment along the public sidewalk so as to prevent mud and debris from working onto the adjacent public sidewalk or by failing to clear such debris from the sidewalk. CT Page 487
The plaintiffs allege that Article 4, section 11(c) of the bylaws of the defendant association provides that the association is required to keep the property free of any condition which would constitute a nuisance on the property. The plaintiffs claim; a cause of action, in the fourth count, based upon a violation of its own bylaws pursuant to Conn. Gen. Stat. sec. 47-278[1].
The defendant moves to strike the fourth count for failure to state a claim upon which relief can be granted. The defendant association argues that the bylaws apply only to the defendant's commonly owned property and not to a public sidewalk off the premises. The defendant association also argues that the legislative history of section 47-278 fails to support plaintiffs' right to bring a claim for personal injuries under the Common Interest Ownership Act. (Conn. Gen. Stat. sec.47-200 et. seq.).
A motion to strike challenges the legal sufficiency of the allegations of a pleading to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988). "The sole inquiry at this state [of the pleadings] is whether the [pleader's] allegations, if proved state a cause of action." Levine v. Sigel Hebrew Academy of Greater Hartford, 39 Conn. Sup. 129, 132 (Super.Ct. 1983). The motion to strike must fail "if the facts provable under its allegations would support a defense or cause of action." Mingachos v. C.B.S., Inc., 196 Conn. 91, 109 (1985).
The motion to strike, in contesting the legal sufficiency of a pleading, admits all well-pleaded facts. Ferryman v. Groton, 212 Conn. 138, 142 (1989). The motion to strike does not admit mere legal conclusions not supported by facts, nor does it admit the truth or accuracy of opinions stated in the pleadings. Mingachos, 196 Conn. at 108. The legal conclusions or opinions in the pleadings must flow from the subordinate facts provided. County Federal Savings Loan Assn. v. Eastern Associates, 3 Conn. App. 582, 586 (1985); see also McAdam v. Shelton, 153 Conn. 278, 283 (1965). Furthermore, "[u]nder the rules of practice governing pleading, a party may plead legal effect as long as the pleading `fairly [apprises] the adverse party of the state of facts which it intended to prove.' Practice Book sec. 109; see Practice Book sec. 108." D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206,220 (1987). The defendant in the present case argues that the plaintiffs' factual allegations do not support their conclusion that the defendant failed to comply with its bylaws since the plaintiff's incident occurred on a public sidewalk and not on the defendant's common property. CT Page 488
Plaintiffs' complaint is set out in six counts. Count one is a negligence count based upon Townhouse's possession and control of land. The second count is based upon the creation of a public nuisance. Count three is a loss of consortium claim by the plaintiff John Collins. The fourth count is based upon the defendant violating its own association bylaws. The fifth count is a negligence claim against the defendants Scott J. English and Timothy L. White, dba Precision Landscaping, under its agreement with the defendant Townhouse, to provide landscaping service. The sixth and final count is a repeat of the second count.
In 1984, the Connecticut Legislature enacted the Common Interest Ownership Act (hereinafter "CIOA"), Conn. Gen. Stat. sec. 42-200 et. seq., which is modeled chiefly upon the Uniform Common Interest Ownership Act, sec. 1-101 et. seq., 7 U.L.A. 231 (1982). The legislative history of Connecticut's CIOA (Public Act No. 83-474) indicates that this comprehensive legislation provides developers, lenders and title insurers with flexibility and certainty in establishing common interest communities, as well as providing prospective unit owners and unit owners' associations with consumer protection rights such as disclosure and warranty guidelines. Conn. Joint Standing Committee Hearings, Judiciary, Pt. 6, 1983 Sess., pp. 1821-1823. See also Unif. Common Interest Ownership Act, 7 U.L.A. 236 (1982).
Conn. Gen. Stat. sec. 47-278, entitled "Cause of action for violation of Chapter. Punitive damages and attorney's fees," provides that:
 If a declarant or any other person subject to this chapter fails to comply with any of its provisions or any provision of the declaration or bylaws, any person or class of persons adversely affected by the failure to comply has a claim for appropriate relief. Punitive damages may be awarded for a wilful failure to comply with this chapter. The court, in an appropriate case, may award reasonable attorney's fees.
The comment to Uniform Common Interest Ownership Act, sec.4-117, the corresponding provision to the identically drafted Conn. Gen. Stat. sec. 47-278, provides in pertinent part that:
 This section provides a general cause of action or claim for relief for failure to comply with the Act by either a declarant or any other person subject to the Act's CT Page 489 provisions. Such persons might include unit owners, persons exercising a declarant's rights of appointment pursuant to Section 3-103 (d), or the association itself. A claim for appropriate relief might include damages, injunctive relief, specific performance, recession or reconveyance if appropriate under the law of the state, or any other remedy normally available under state law. The section specifically refers to "any person or class of persons" to indicate that any relief available under the state class action statute would be available in circumstances where a failure to comply with this Act occurred.
7 U.L.A. 389.
"Where the words of a statute fail to indicate clearly whether the provision applies in certain circumstances, it must be construed by this court, and such statutory interpretation is undertaken in light of the statute's purpose, its legislative history an the circumstances surrounding its enactment as well as its language." Board of Trustees v. Freedom of Information Comm'n, 181 Conn. 544, 550 (1980). "`In construing a statute, common sense must be used and courts will assume that the legislature intended to accomplish a reasonable and rational result.'" In Ford Motor Credit Co. v. B.W. Beardsley, Inc., 208 Conn. 13, 20 (1988), quoting King v. Board of Education, 203 Conn. 324, 332-33 (1987). However, a court cannot read into the terms of a statute something which manifestly is not there in order to reach what the court thinks would be a just result. Simko v. Zoning Board of Appeals, 205 Conn. 413,418 (1987).
A court should construe a statute as a whole "`And so as to reconcile all parts as far as possible.'" Statewide Grievance Comm. v. Rozbicki, 211 Conn. 232, 241 (1989), quoting Martone v. Lensink, 207 Conn. 296, 302 (1988). The court should construe a statute so as to give meaning to each word, phrase or clause. Verrastro v. Sivertsen, 188 Conn. 213, 221 (1982). Furthermore, "[t]he title of legislation when it is acted upon by the legislature is significant and often a valuable aid to construction . . . ." Zichichi v. Middlesex Memorial Hospital,204 Conn. 399, 405 (1987), quoting Miller v. Board of Education, 166 Conn. 189, 194 (1974).
It appears that neither the legislative history nor Connecticut case law have interpreted the scope of the cause of action provided for in Conn. Gen. Stat. sec. 47-278. Although CT Page 490 the language of Conn. Gen. Stat. sec. 47-278 is very broad and appears to encompass the general public within its protections, construing this section within the context of the entire statute does not reveal such a broad cause of action. According to the legislative history of Connecticut's CIOA (P.A. 83-474), the general purposes of the statute as a whole include broadening statutory coverage to all common interest ownership property, increasing purchaser protections, strengthening unit owners' association rights, and providing greater flexibility and certainty to developers and lenders. Conn. Joint Standing Committee Hearings, Judiciary, Pt. 6, 1983 Sess., p. 8216. We conclude, therefore, that in interpreting the statute as a whole, Conn. Gen. Stat. sec. 47-278 does not provide a cause of action to persons not subject to or protected by Connecticut's CIOA.
Conn. Gen. Stat. sec. 47-278 provides a cause of action to those adversely affected persons who are parties subject to the CIOA and/or to the provisions of an association's bylaws, such as prospective unit purchasers, unit owners' associations, developers and lenders. Specifically, Conn. Gen. Stat. sec. 47-278 falls within Part IV of the CIOA entitled "Protection of Purchasers," Conn. Gen. Stat. secs. 47-262 —47-281. Part IV of the CIOA entitled "Protection of Purchasers," within which sec. 47-278 exists, consists of sections pertaining to the requirements of public offerings statements, the purchaser's right to cancel a contract of sale, the resale of units, express and implied warranty protections, and the labeling of promotional material. Thus, in order to reconcile Conn. Gen. Stat. sec. 47-278 with its title and the context of the statute as a whole, the cause of action pursuant to this section is limited to persons subject to the CIOA and/or the provisions of the bylaws of an association.
Allowing the general public a cause of action pursuant to Conn. Gen. Stat. sec. 47-278 would constitute an overbroad reading of this section and would not effectuate the reasonable and rational intention of the legislature to protect prospective purchasers of common interest ownership units. We conclude that the plaintiffs are not persons subject to the provisions of the bylaws of Town House 88 and therefore do not have a sufficient cause of action pursuant to Conn. Gen. Stat. sec. 47-278.
Accordingly, the motion to strike the fourth count is granted.
Arnold W. Aronson Judge, Superior Court