[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal under the provisions of section8-28 of the Connecticut General Statutes by Stagecoach I Associates (hereinafter "Developer") from the action of the Planning Commission of the Town of Old Lyme (hereinafter "Commission") in connection with the imposition of conditions CT Page 7049 on the approval of a special exception and subdivision plan. Procedurally the parties have briefed the issues raised by the complaint after an appropriate answer and return of record. A hearing was had on the matter in this court on August 7, 1991 at which both parties were represented by counsel.
The plaintiff introduced in evidence at the hearing a certified copy of the deed of the Developer to the premises involved in the subdivision at issue. There was no dispute with regard to the question of aggrievement and the court finds from the pleadings and the evidence that the plaintiff is aggrieved. Primerica v. Planning and Zoning Commission,211 Conn. 85 (1989); Ferguson v. Zoning Board of Appeals,29 Conn. Sup. 31 (1970).
The facts necessary to set the background for this opinion are not extensive although the case itself has involved voluminous material in its preparation and presentation to the various administrative agencies below and counsel for both contestants have vigorously briefed and argued the matter.
The Developer, in connection with his 29 acre parcel of land, filed what essentially constitutes a joint application for a combined special exception and subdivision approval for "multiple dwellings and multiple dwelling projects" (cluster development). This was a request of the Commission for a 14 lot cluster development. The record reflects considerable preliminary and final work relating to the application and hearing process including the usual references to advisory staff. See Record Items 2-19 and 29-33.
Neither party makes any claims with regard to the procedural aspect of the case.
The Commission approved both the Developer's special exception and subdivision with the following language:
 All legal documents must be approved by Counsel and included as part of the Commission's approval of the application.
 Reduce lots 1 through 5 to 4 lots. Redesign lot configuration in conformance with the spirit of cluster regulations with the goal of maximizing septic abilities and submit to the Commission for final approval.
Bonding is set for $300,000. CT Page 7050
 Before mylar is signed a signed letter, in recordable form, from Mrs. Eklund must be submitted."
From the above decision the Developer has appealed claiming to be aggrieved by that portion of the decision which imposes the condition that lots 1 through 5 must be redesigned to include only 4 lots.
The only legal issue presented is whether or not the Commission acted illegally, arbitrarily or in abuse of its discretion by imposing this condition.
The court concludes that it has.
The Commission in acting on the special exception application acts in an administrative capacity. Housatonic Terminal v. Planning and Zoning of the City of Milford,168 Conn. 304, 307 (1975). Under such circumstances the Commission is required "to determine whether the proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and statutes are satisfied." A. P. 
W. Holding Corporation v. Planning and Zoning Board, 167 Conn. 182,185 (1974). In acting on the subdivision aspect of this application the Planning Commission has no discretion or choice except to approve the subdivision if it conforms to the regulations. Reed v. Planning Zoning Commission of Chester,208 Conn. 432, 433 (1988).
The law does not permit the Commission to impose conditions on a special exception which are not authorized by its regulations. Daughters of St. Paul, Inc. v. Zoning Board of Appeals, 17 Conn. App. 53, 56 (1988). If an improper condition is imposed, the court has the ability to void the condition without determining the entire decision to be illegal. Parish of St. Andrews Protestant Episcopal Church v. Zoning Board of Appeals of Stamford, 155 Conn. 350, 354 (1967).
In this case the defendant's brief sets forth six possible sources within the regulations which might be reviewed to find the authority for the conditions imposed. These were reviewed and argued by the parties at oral argument. The decision itself (as set forth above) refers only to the "spirit" of the cluster zoning concept and the maximization of septic systems. So far as can be found by the court or suggested by counsel the record is devoid of any evidence to suggest problems with regard to the septic system. The town health director approved the Developers' engineer's plans (See Record Item 20).
Even the defendant's attorney in his brief and during CT Page 7051 oral argument does not offer a cogent argument in favor of the portion of the decision of the Commission which stands on the "spirit" of the regulations.
With regard to the six specific aspects of the regulations to which the defendant refers for authority to impose the conditions indicated (See Defendant's Brief pages 5-7) suffice it to say that the court has determined as a matter of law that none of the portions of the regulations referred to are sufficient to justify a reduction of the lots below the number determined in accordance with a calculation using the formula contained in Article II, section I.7 and I.8. The defendant does not appear to argue that the number of lots in the subdivision do not conform to the formula calculation provided by the regulations, but on the contrary claims that there is some discretion given elsewhere in the regulations to vary that number.
On the interpretation of zoning regulations the same rules apply as for statutes. Words should be given their ordinary meaning. Connecticut General Statutes section 1.1; Martone v. Lensink, 207 Conn. 296, 302 (1988). Where the language used is clear there is no room for statutory construction. Kelemen v. Rimrock Corp., 207 Conn. 599, 606
(1988).
With respect to the defendant's reference to Article II, section I.2 and the Planning Commission regulations section 1.1 suffice it to say that those general Statements of Purpose and Policy do not provide authority for the modification of specific language in the regulations. Article II, section 1.10 to which the defendant refers provides only the opportunity to reduce requirements pertaining to the regulations and not to make the regulations more stringent. The reference to Article II, section 1.12 and section 1.19 which deal in general terms with the policies and permit "appropriate conditions and with regard to health, safety, convenience, welfare and property values does not, as a matter of law, permit the Commission to change the number of lots which are calculated in accordance with their formula for the same. Perhaps the closest the defendant comes to pointing to a regulation which permits "conditions and safeguards" is by reference to section 3.5 entitled Approval of Applications. The defendant claims that this section grants the Commission the power to impose ". . .condition and safeguards necessary to carry out the letter and purpose and intent of these regulations and to protect the public health, safety and welfare and property values." The short answer to that argument, however, which was advanced by the plaintiff, is that only such conditions may be imposed under that vague and general authorization as are justified by the CT Page 7052 "letter and purpose and intent of these regulations". In other words, the court would not permit the use of such a vague statement to contradict the exact formula calculation required by the regulations to determine the number of lots permitted under the cluster zoning concept in the name of "public health, safety and welfare and property values".
For the reason stated above the appeal of the Developer is sustained and the condition appealed from is declared to be void and of no force.
Leuba, J.