[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals the decision of the defendant, Department of Income Maintenance, denying a motion to reconsider its assessment of arrearages against the plaintiff.
The plaintiff, Frederick Kundert ("Kundert") brings this appeal pursuant to Conn. Gen. Stat. 4-183. The defendants are Lorraine Aronson, Commissioner of the Department of Income Maintenance ("DIM"); Stephen Negri, Commissioner of the Department of Administrative Services ("DAS"); Richard Maloney, of the DIM Fair Hearing Unit; William Schemp, DIM Investigator; and Susan Bolduc, DAS Investigator.
Kundert is appealing DIM's assessment against him of $41,765.89 seeking reimbursement for public assistance payments made to his family from 1969 to 1980. (ROR Vol. I, Decision of Fair Hearing Officer, p. 6.) Kundert requested a fair hearing to contest the amount of a lien for this amount against a workers' compensation claim arising after the debt accrued. (ROR Vol. I, p. 1.) Kundert based his request for reconsideration on the grounds that the statute of limitations had run against the debt collection, that Conn. Gen. Stat. 17-83(f) precluded the DIM from placing a lien on a worker's compensation claim he had pending, and that he was already making payments pursuant to a court order of garnishment of his CT Page 8157 compensation benefits.
The DIM upheld the lien after the fair hearing on July 10, 1990 (ROR Vol. I, pp. 6-7), and denied Kundert's request for reconsideration on August 1, 1990 (ROR #4).
The director of the Fair Hearing Unit notified Kundert's 3 counsel by mail that Kundert's request for reconsideration had been denied. The letter was dated August 1, 1990 (ROR #4), and the sheriff served Kundert's petition for appeal on August 22, 1990. Therefore, Kundert brought this appeal timely within 45 days of mailing of the final decision, as required by Conn. Gen. Stat. 4-183(c).
Kundert acknowledges that his wife and children received Aid to Families with Dependent Children ("AFDC") payments from July 1, 1969 to May 1, 1980, and that the Ansonia/Milford Superior Court found him in contempt. The court held that Kundert was $30,000.00 in arrears in 1980. (See Fair Hearing Transcript, p. 14.) The court cited Kundert for contempt again on August 31, 1989, and determined that he had diminished his arrearage to $22,839.71. (Plaintiff's Exhibit C, attached to Supplemental Petition, dated December 10, 1990.) Kundert claims he failed to keep up with his arrearage payments because he was collecting Worker's Compensation for an injury he received on April 18, 1984.
Subsequently, the DIM placed a lien against Kundert's workers' compensation claim to obtain reimbursement for the public assistance paid to his wife and children. (ROR Vol. I, p. 3.) The amount of the lien was $50,864.89, less the $9,099.00 Kundert had already paid in support, for an outstanding balance of $41,768.89. (ROR Vol. I, p. 3.) The DIM asserted that Conn. Gen. Stat. 17-83e and 17-83f supported its lien against Kundert's workers' compensation claim (ROR Vol. I, p. 3.)
Kundert challenged the lien at the Fair Hearing on several grounds. His representative at the hearing argued that the total arrearage on the court record was $22,839.71; that this figure was the full amount owed; that the $50,000.00 amount claimed by the state was both incorrect and undocumented; that due process demanded that Kundert be able to challenge the lien against his workers' compensation claim; and that the state is estopped from claiming reimbursements in excess of the amount I set by the Ansonia/Milford Court because the state should have raised its claim before the court at that time. (ROR Vol. I, pp. 2-5.)
The documents comprising the record were returned to the CT Page 8158 court on October 17, 1990.
In order to bring an appeal, the plaintiff must have a specific, personal and legal interest in the subject matter of the appeal, which must be sustained throughout the appeal, and the appeal must afford the plaintiff some practical benefit or relief. Craig v. Maher, 174 Conn. 8, 9-10 (1977); see also Connecticut Business Industries Assn., Inc. v. CHHC,214 Conn. 726, 730 (1990).
Kundert is aggrieved because the DIM's decision involves a debt for which Kundert is personally and legally responsible. (Plaintiff's Exhibits C and D.) Moreover, the relief he seeks, i.e., a declaration that he owes no debt at all or only $22,839.71, would afford him practical relief from the greater amount claimed by the DIM.
When a party has a statutory right of appeal from the decision of an administrative officer or agency, he may not bring an independent action to test the very issue the appeal was designed to test. Cummings v. Tripp, 204 Conn. 67, 78
(1987). When an adequate administrative remedy exists, it should be exhausted. Butzgy v. Glastonbury, 203 Conn. 109, 116
(1987).
Kundert has exhausted his administrative remedies. First, he requested a fair hearing in accordance with Conn. Gen. Stat. 17-2a and 17-2b. Then, when the fair hearing refused his request for reconsideration, Kundert filed a petition of appeal in the superior court, pursuant to 17-2b and 4-183.
In reviewing an agency decision the court must accept the evidence presented to the agency "uncoated by any judicial gloss" and uphold the decision if supported by the evidence. Harrison v. Commissioner, 204 Conn. 672, 680 (1987). The court may not retry the case, but must determine whether the record supports the agency's decision. Id.
The court's function is to review the record and determine whether the ultimate findings were supported by substantial evidence. Martone v. Lensink, 207 Conn. 296, 305-06 (1988). This standard is similar to the sufficiency of the evidence standard used to review jury verdicts. Id. The evidence is sufficient when it affords a substantial basis of fact from which to infer to fact in issue. Id.
Kundert brings the current appeal on several grounds. In his appeal petition, filed August 29, 1990, Kundert alleged that: CT Page 8159
(a) The evidence reviewed at the Fair Hearing was "incompetent and inadmissible" because it consisted of a computer summary of payments made to Penny Kundert, not the original documents (Plaintiff's exhibits A D);
(b) The printout failed to include the reasons for the payments, and Kundert had no opportunity to examine the original documents;
(c) The statute of limitations had run, thus barring DIM from collecting on the debt;
(d) Conn. Gen. Stat. 17-83(f) does not allow the DIM to place a lien on a workers' compensation claim that arose years after the debt accrued; and
(e) Kundert is currently paying $35/week pursuant to the garnishment order of the superior court at Ansonia/Milford.
Conn. Gen. Stat. 4-183(j) states that a court "shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions or decisions are . . . (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." See, e.g., Tomlin v. Personnel Appeal Bd., 177 Conn. 344, 348
(1979); "[A]dministrative tribunals are not strictly bound by the rules of evidence which would normally be incompetent in a judicial proceeding, as long as the evidence is reliable and probative." Id.; see also Lawrence v. Kozlowski, 171 Conn. 705,710, cert denied, 431 U.S. 969 (1977).
Conn. Gen. Stat. 4-178, however, states: "In contested cases. . . (4) documentary evidence may be received in the form of copies or excerpts, if the original is not readily available, and upon request, parties and the agency conducting the proceeding shall be given an opportunity to compare the copy with the original." Kundert's counsel protested at the Fair Hearing that the agency failed to provide original documents to compare to the computer summary. (ROR Vol. I, pp. 4-5.)
In determining whether an agency's decision is supported by substantial evidence, the court must defer to the agency's assessment of the evidence. Briggs v. State Employees Retirement Commission, 210 Conn. 214, 217
(1989). The agency is not required to use evidence in any particular way as long as the hearing is fundamentally fair. Id. at 218. However, 4-178(4) requires an agency to provide original documents on request and the agency should have complied with the statute. A statute creating a right not available at common law must be strictly construed. Ecker v. CT Page 8160 Hartford, 205 Conn. 219, 233 (1987).
"[T]he mere erroneous admission. . . of evidence will not invalidate an order of the commission. Substantial prejudice must be affirmatively shown (Citation omitted)." Lawrence,171 Conn. at 714. The contested evidence was the only evidence of debt on which DIM relied. (ROR Vol I, pp. 3-5; see also Fair Hearing Summary, pp. 13-20 and Plaintiff's Supplemental Petition, p. 5.) Absent the computer summary, the DIM offered no other evidence of debt. Because the DIM had no other evidence to support its conclusion, Kundert was prejudiced by the admission of the summary.
Kundert argues that the DIM is barred by the Statute of Limitations from collecting a debt that accrued in 1980, however, the the statute of limitations does not apply to the state.
Conn. Gen. Stat. 17-83H states:
 The attorney general shall collect any claim which the state may have hereunder against any person, or his estate, and any amount recovered shall be paid to the state treasurer, to be placed to the credit of the state general funds. The statute of limitations shall not apply any action for such collection. In each case in which the state shall have recovered any amount with respect to assistance furnished any beneficiary, the federal portion of the amount so recovered shall be promptly paid to the United States, if required as a condition of federal financial participation.
In R.A. Civitello Co. v. New Haven, 6 Conn. App. 212, 217-18
(1986), the court held that sovereign immunity bars the statute of limitations defense. And in Cahill v. Board of Education,187 Conn. 94, 101 (1982), the supreme court stated: "The protections offered by the doctrine of sovereign immunity have been extended to agents of the state acting on its behalf."
The DIM's function is to administer various state and federal welfare and public assistance programs. See Conn. Gen. State. 17-2. Therefore, the DIM is an agent of the state to whom the statute of limitations on collection actions does not apply.
Kundert also argues that DIM is estopped now because it should have made its claim in 1980 before the Superior Court at CT Page 8161 Ansonia/Milford. There is no support in the law for this position.
Conn. Gen. Stat. 17-83 et seq. creates the duty to reimburse the state for public assistance payments. In State v. Metrusky, 140 Conn. 26, 30 (1953), the court held that the welfare commissioner was not estopped from asserting a claim against an aid recipient for sums greater than the amount she was already paying back weekly. The obligation to reimburse the state is not contractual, but is rather a statutory obligation. Id. "The commissioner of welfare has no authority to waive an obligation so imposed by law, and consequently the state cannot be estopped from enforcing it by any conduct on his part." Id.
The state would be estopped only if the agency first acts within its statutory authority. See, e.g., Kimberly-Clark Corp. v. Dubno, 204 Conn. 137, 146 (1987) (in which the Commissioner of Revenue Services issued a declaratory ruling exempting certain items from taxation, but then attempted to assess a tax against the appellant. The court held that because the commissioner had statutory authority to issue the ruling, the state was estopped). Kundert has alleged no analogous exercise of statutory authority in the present case.
Therefore, the state is not estopped from asserting its claim.
Finally, Kundert argues that the DIM may not place a lien, pursuant to Conn. Gen. Stat. 17-83e and 17-83f, against a workers' compensation claim that arose after he became indebted. Kundert cites Thibeault v. White, 168 Conn. 112 (1975), which held that the state may secure a lien against the welfare beneficiary after acquired property, but that 17-83e "does not give the state the power to make a summary seizure . . . giving rise to possible due process deprivations." Id. See also Danbury Savings Loan Assn. v. Delaney, 207 Conn. 743, 753
(1988).
The effect of Conn. Gen. Stat. 17e "is to enable the state to Pursue an action for the repayment of total AFDC assistance. (Emphasis added.) Thibeault, 168 Conn. at 117. Moreover, 17-83f states: "The proceeds of such causes of action shall be assignable to the state for payment of the amount due under said section 17-83e, irrespective of any other provision of lawn See also McDougald v. Morton, 361 F. Sup. 1325,1327 (1973) [lien can be placed on workers' compensation award that arises after the debt has accrued].
This is precisely what the DIM is attempting to CT Page 8162 accomplish. The lien would be valid absent any conflicting federal statute. See State v. Murtha, 179 Conn. 463, 470 (1980). Kundert has failed to allege any such conflict in the present case.
Therefore, the state could seek to enforce a lien under Conn. Gen. Stat. 17-83e, if it could prove Kundert's indebtedness.
The court rules as follows: (a) the DIM is not estopped from pursuing its claim: (b) the statute of limitations is not a bar; and (c) the DIM may seek to have a lien enforced.
The agency failed, however, to provide the original documents as required by statute.
Therefore, the appeal is sustained.
DEAN, J.