[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Subsequent to the events giving rise to this appeal, the Appellate Court announced its decision in Marshall v. DelPonte, 27 Conn. App. 346 (1992). The court has carefully reviewed the entire record in this case and considered the arguments of counsel as set forth in their briefs and at the hearing on appeal. The court concludes that the decision CT Page 4758 in Marshall entirely controls the decision in this case.
In particular, the transcript of the agency hearing in this case does not support the only argument advanced by the Commissioner; that is, that the plaintiff somehow "waived" the requirement that there be some evidence showing what was the plaintiff's blood/alcohol ratio at the time she was operating the vehicle. This argument is based on the plaintiff's agreement at the beginning of the administrative hearing to proceed with the evidence at hand rather than postponing the case so that the arresting officer and other evidence could be summoned. It was obviously not the plaintiff's burden to prove that she had violated the "per se" statute, however, and it was quite natural that she did not press the hearing officer to bring in more evidence on the point. Her actions in this regard can hardly be construed to be a waiver of her rights to have her case heard and judged in accordance with the normal requirements of administrative law. One of these requirements is that all essential elements of the agency's decision be based upon substantial evidence. General Statutes 4-183 (j); Martone v. Lensink, 207 Conn. 296, 305-306 (1988); Marshall v. DelPonte, supra, 352. As in the Marshall case, the evidence here was deficient on the essential element concerning the blood alcohol level at the time of operation.
For the reasons set forth in Marshall v. DelPonte, supra, the plaintiff's appeal is sustained.
MALONEY J.