[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR PROTECTIVE ORDER
Pursuant to General Statutes § 42-115h, defendant Commissioner of Consumer Protection ("Commissioner"), through the Weights and Measures Division of the Department of Consumer Protection, carried out inspections in 1992 and 1993 at the plaintiffs' grocery store in Norwalk. In accordance with the terms of the statute, the purpose of the inspections was to determine whether any food packages in the plaintiffs' store contained a weight different than the declared net weight represented on the package.
As a result of the inspection, the Commissioner issued an administrative complaint against the plaintiffs alleging that the inspections revealed that numerous food packages in the plaintiffs' store were marked incorrectly as to the net quantity of the contents in terms of weight, measure or count. CT Page 10982 A hearing on the complaint was held in December of 1993.
On July 22, 1994, the Commissioner issued her Final Decision and Order. The Commissioner concluded that during the inspections, numerous food packages were marked incorrectly as to the quantity of the contents in terms of weight, measure or count. The Commissioner ordered the plaintiffs, pursuant to General Statutes § 42-115u, to pay a civil penalty of $100 for each of 139 packages ($13,900 total) that were found marked incorrectly as to the net quantity of the contents in terms of weight, measure or count. The plaintiffs have appealed that decision.
The plaintiffs are now seeking to depose the Commissioner of Consumer Protection who issued the final order and defendant has moved for a protective order.
In their Motion to take the Commissioner's Deposition plaintiffs claim that the order issued by the Commissioner contains facts that are not contained in the record, are not supported by any reference to transcript or exhibits, and therefore could only have resulted from ex parte communications by Commissioner Schaffer or by her staff. In support of this claim they cite Johnson v. StaffordPlanning Zoning Commission, 1991 WL 232745, J. Klaczak (Conn.Super.Ct. 1991) and Pollio v. Somers ConservationCommission, 1991 WL 27833, J. Scheinblum (Conn.Super.Ct. 1991). Those cases are clearly distinguishable from the present case. In Johnson there was some evidence that a Commission member who voted on a zoning matter had improperly prejudged and predetermined the matter. Similarly in Pollio
there was evidence that a member of the Somers Conservation Commission engaged in conduct which occurred outside of regular Commission meetings and the public hearing.
Plaintiffs also cite Martone v. Lensink, 207 Conn. 296, and Henderson v. Motor Vehicles, 202 Conn. 453 in their request to take the Commissioner's deposition. These cases are also distinguishable. In Martone there was clear evidence that the hearing officer violated General Statutes § 4-181 by receiving documents submitted after the close of an administrative hearing. In Henderson there was clear evidence that the hearing officer violated General Statutes § 4-181 by discussing the case prior to the hearing with an officer who had investigated the incident in question. CT Page 10983
The taking of additional evidence is controlled by General Statutes § 4-183(i) which states: "The appeal shall be conducted by the court without a jury and shall be confined to the record. If alleged irregularities in procedure before the agency are not shown in the record . . . proof limited thereto may be taken in the court. . . ." The court does not believe that the plaintiffs have alleged irregularities in procedure. The plaintiffs have merely alleged that the facts found and legal conclusions drawn therefrom are not supported by the record. Plaintiffs are merely attempting to probe the mental decision making process of the Commissioner. Disputes over findings of fact and conclusions of law are not procedural irregularities requiring the court to go outside the record.Ierardi v. Commission on Human Rights and Opportunities,15 Conn. App. 569, cert. denied 209 Conn. 813 (1988).
Accordingly, the motion for protective order is granted.
Allen State Trial Referee