[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Paul O. Shew, Town Manager of the Town of Rocky Hill, appeals a decision of the defendant freedom of information commission imposing a civil penalty on him for denying defendant Edward Peruta prompt access to certain public documents. The commission acted pursuant to General Statutes § 1-21i. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the plaintiff.
Defendant Peruta did not file an appearance in this appeal. The defendant commission filed an appearance and CT Page 7357 a brief but was not present at the court hearing for oral argument. The plaintiff's attorney was present at the court hearing but, noting the absence of the attorney for the commission, waived argument and requested that the court decide the appeal on the basis of the record and the briefs of the parties. The court has granted that request.
The facts essential to the court's decision are not in dispute. In October 1993, defendant Peruta filed a complaint with the commission alleging that the plaintiff failed to grant him prompt access to certain town records. Specifically, Peruta claimed that he requested the records during the month of September 1993 and had not received them. He stated that the reason he was given for the delay or refusal was that the requested records were protected by the attorney-client privilege and that the plaintiff, who was the only town official who was authorized to release them, had not done so. Peruta asserted that this issue had previously been resolved adversely to the town and that the commission had ordered the town to comply with the freedom of information laws in the future. The complainant demanded that the commission impose a civil penalty.
The commission held a hearing on Peruta's complaint on January 20, 1994. The complainant appeared and testified; the plaintiff, who was the respondent at the hearing, did not appear in person but was represented by counsel, the town attorney.
Following the hearing, the hearing officer, who was a member of the defendant commission, rendered a proposed decision in accordance with General Statutes § 4-179, dated February 10, 1994. The commission sent copies of the proposed decision to the parties on February 18 and notified them that the commission would meet to consider it on March 9, 1994. The notice invited the parties to be present at the March 9 meeting and offer oral argument. It also indicated that the commission would accept briefs in advance of the meeting.
In his February 10 proposed decision, the hearing officer set forth findings of fact. He noted that the plaintiff had received a civil penalty in a prior case CT Page 7358 for failing to allow Peruta prompt access to certain town records. In the present case, the hearing officer found that at the time of Peruta's request for town documents, the plaintiff town manager was out of town for five days. In his absence, his assistant contacted the town attorney's office for advice as to whether the requested records, which were legal opinions, were exempt from disclosure. The hearing officer found that the town attorney was also unavailable at that time. The hearing officer found that the town attorney returned to his office the next day and advised the plaintiff's assistant to release all of the requested documents to Peruta. The hearing officer found that this was done but that Peruta never came to the office to retrieve the documents. The hearing officer found that, under the circumstances, any delay in releasing the documents was not unreasonable.
In the February 10 proposed decision, based on the proposed findings summarized above, the hearing officer recommended that Peruta's complaint be dismissed.
On February 25, 1994, the commission received a letter from Peruta, addressed to the attention of the hearing officer. In his letter, Peruta attacks the findings of the hearing officer, specifically the finding that the town attorney responded to the request as soon as he returned to his office. Peruta alleges in his letter that the plaintiff's assistant has informed him that the hearing officer's findings are incorrect. He alleges that the documents were not released to him until three months after the request, until just prior to the hearing before the hearing officer. He urges the hearing officer to reconsider the proposed decision and impose a penalty on the plaintiff.
Peruta did not send a copy of his letter to the plaintiff. The commission did not send a copy of Peruta's letter to the plaintiff. The commission did not include the letter in the record of the administrative proceedings in this case. The plaintiff has attached a copy of the letter as an exhibit to his complaint, however, and the commission clearly admits in its answer and brief to the court that the hearing officer received it prior to rendering a new proposed decision, described below. CT Page 7359
The commission canceled the meeting scheduled for March 9, 1994. On March 25, 1994, the commission transmitted to the parties a new proposed decision rendered by the hearing officer and dated March 23, 1994.
In the new proposed decision the hearing officer sets forth findings of fact that are quite radically different from those contained in his earlier proposed decision. The finding that the town attorney responded to the request for documents the next day is omitted. Instead, the hearing officer finds that the attorney's associate "declined to accommodate the complainant's request at that time." Further, the hearing officer finds that "finally in December 1993, the complainant was given copies of the requested records in this case." Based on the new findings the hearing officer concluded that the plaintiff violated Peruta's right to prompt access to the records and that the plaintiff had no reasonable grounds for doing so. The hearing officer recommended, therefore, that the commission impose a civil penalty in the amount of $75.00 on the plaintiff.
On April 13, 1994, the commission met and considered the hearing officer's new proposed decision. There is nothing in the record on this appeal to indicate what transpired at that meeting except that the commission adopted the proposed decision verbatim. Accordingly, the commission ordered the plaintiff to pay a civil penalty of $75.00.
The sole basis of the plaintiff's appeal in this case is that the commission's decision was based on the ex parte communication from Peruta in violation of the commission's own regulations and "due process conferred upon all United States Citizens by the United States Constitution." Although the plaintiff does not cite General Statutes § 4-181 specifically, that statute contains language that is essentially identical to that contained in Regs. Conn. State Agencies § 1-20j-20, which the plaintiff does cite. The statute also supports the plaintiff's position and the court must include it in considering his due process claim.
Section 4-181 (a) provides, in relevant part, that CT Page 7360 "no hearing officer or member of an agency who. . .is to render a final decision. . .shall communicate, directly or indirectly, in connection with any issue of fact, with any person or party. . . without notice and opportunity for all parties to participate." Subsection (c) of the statute provides in relevant part that "no party. . .in a contested case. . .shall communicate, directly or indirectly, in connection with any issue in that case, with a hearing officer or any member of the agency. . .without notice and opportunity for all parties to participate in the communication."
Once there has been a showing that a violation of § 4-181 has occurred, the burden shifts to the agency to prove that no prejudice has resulted from the prohibited ex parte communication. Martone v. Lensink, 207 Conn. 296,301 (1988).
The commission seeks to avoid or deflect the application of § 4-181 by characterizing Peruta's letter as a "brief." An ex parte communication does not, however, acquire respectability merely because the agency that receives it regards it as a brief. It may indeed be a brief, but if the party submits it ex parte and the agency likewise accepts it, it is prohibited by § 4-181
along with all other private communications.
In the present case, there is a presumption that Peruta's letter, submitted and accepted ex parte in violation of the law and regulations, prejudiced the rights of the plaintiff. Martone v. Lensink, supra. The presumption is strengthened by the actual circumstances. The letter was written in response to the hearing officer's first proposed decision. In the letter, Peruta not only reiterates allegations contained in his testimony at the hearing, he also alleges new facts that he claims occurred after the hearing — that is, the statements he attributes to the plaintiff's assistant could only have been made after the hearing and after the first proposed decision. Finally, it is difficult not to infer that the letter had a powerful effect on the hearing officer. Immediately after receiving it, he reversed his earlier decision and essentially adopted the position urged by Peruta in the ex parte letter. CT Page 7361
As noted above, the commission has not sought the opportunity to introduce any evidence to rebut the presumption of prejudice to the plaintiff. Specifically, it has not moved to present any such evidence to the court under § 4-183 (i) nor did it appear at the court hearing on this appeal. In the absence of any evidence in rebuttal and considering the circumstances of the case as indicated by what is in the record, the court finds that Peruta communicated ex parte with the hearing officer in the contested case and that the hearing officer accepted the communication ex parte. Such communication violated § 4-181. The court further finds that the communication substantially prejudiced the rights of the plaintiff.
Pursuant to § 4-183 (j), when the court finds such prejudice, it must sustain the plaintiff's appeal. Inasmuch as the only order issued by the commission in its decision was the imposition of a fine on the plaintiff, simply sustaining the appeal is sufficient to reverse the decision and grant effective relief to the plaintiff. It is not necessary to remand the case for any further proceedings.
The appeal is sustained.
MALONEY, J.