[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal in which plaintiff, a tenured teacher, has appealed from the action of defendant West Hartford Board of Education in terminating her contract of employment. For reasons hereinafter stated, the court finds that it is without jurisdiction and the matter must be dismissed.
Defendant in its brief and at the time of trial has raised a question of subject matter jurisdiction. Once the question of CT Page 6051 lack of jurisdiction of the court is raised, it must be disposed of no matter in what form it is presented and the court must fully resolve it before proceeding further with the case. Castro v. Viera, 207 Conn. 429 (1988).
This action has been brought under the provision of General Statutes 10-151. It is defendant's claim that plaintiff has not brought this statutory appeal within the time allowed by the statute. In this connection, it is noted that appeals from administrative agencies exist only under statutory authority. A statutory right of appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. Simko v. Zoning Board of Appeals, 205 Conn. 413, 419
(1987).
Subsection (f) of section 10-151 provides in pertinent part as follows:
 Any teacher aggrieved by the decision of a Board of education after a hearing as provided in subsection (d) of this section may appeal therefrom within thirty days of such decision to the superior court. (Emphasis added.)
The complainant alleges in paragraph 10, and the answer admits, that defendant notified plaintiff verbally on July 30, 1990, and by letter dated July 31, 1990, of the decision appealed from. At the time the complaint was drafted, plaintiff was representing herself pro se. On Wednesday, August 29, 1990, she presented the complaint to the office of the Clerk of the Superior Court for the Judicial District of Hartford/New Britain and on that date an appropriate JD CV-1 form was attaches and signed by an assistant clerk. The papers were then brought to the sheriff's office and handed to a clerk. The sheriff's endorsement indicates this service was made on Friday, September 7, 1990.
There is no question but that service by the sheriff was not made within the time allowed by 10-151 (f).
Although plaintiff has not briefed the point, at the hearing plaintiff claimed that this is an equitable matter and that the court should find that the action commenced at the time the assistant clerk signed the JD CV-1 form rather than the time service was made by the sheriff. It is not an equitable matter however, but a statutory action and the general law as set forth in Simko governs.
The issues as to whether a more relaxed procedure should CT Page 6052 apply when the plaintiff is pro se was addressed in Basilicato v. Department of Public Utility Control, 197 Conn. 320 (1985). In that case, the court held that the appeal provisions of a similar statute were jurisdictional in nature, and, if not complied with, the appeal was subject to dismissal. The court went on to sat that there were no special rules authorizing a lessor standard of compliance for pro se parties. Basilicato at 324.
It must be found then that this court appeal commenced when the writ was served on defendant. Broderick v. Jackson,167 Conn. 96, 99 (1974). Since such service was made well after the thirty day period provided by 10-151 (f) it must be concluded that the statute has not been complied with and the court is without jurisdiction.
Although the jurisdictional question has been known to the parties for some time, plaintiff has made no specific claim, in argument or brief, that the action was saved by General Statutes 52-593a. The officer making service has made no attempt to comply with the statute.
In view of the amendment to the statute after Mario v. Conservations Commission, 33 Conn. Sup. 172 (1976), it appears that 52-593a was intended to apply to a "cause or right of action" and not a statutory appeal from an administrative body. Carbone v. Zoning Board of Appeals of Hartford, 126 Conn. 602,606 (1940).
It does not then appear that 52-593a preserves the appeal.
Accordingly, the appeal is dismissed.
Purtill, J.