[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Statement of Case
The underlying action was brought by a teacher claiming that the Board of Education's decision to nonrenew her contract is contrary to law. The issues before the Court are whether the Court should grant the defendants' motion to dismiss the plaintiff's four-count complaint and whether the Court should grant the plaintiff's motion for a temporary injunction.
Facts
The plaintiff, Lynne Drahan, filed a four-count amended complaint (hereinafter "complaint") naming the Regional School District No. 18 Board of Education (hereinafter "Board"), Gail Karwoski and Adam S. Burrows as defendants. In her complaint, the plaintiff alleges that she is a tenured teacher employed by the school board, and notwithstanding this fact the superintendent notified her in writing that he planned to present a recommendation before the Board that it vote to nonrenew her contract of employment at the end of the 1991-1992 school year in accordance with General Statutes 10-151, the Teacher Tenure Act. Thereafter, the plaintiff alleges in her complaint, the Board voted to nonrenew her contract and she requested a hearing and a statement of the reasons for the nonrenewal while specifically reserving her right to challenge the procedure implemented by the Board. The Board complied with both these requests and on May 4, 1992, the plaintiff alleges further, the Board voted not to change its prior decision to nonrenew the plaintiff's contract.
Counts one through three of the plaintiff's complaint are against the Board and count four is against all CT Page 11485 defendants. The plaintiff alleges in count one that the Board violated General Statutes Section 10-151 by nonrenewing her contract. In count two, the plaintiff alleges she was deprived of property and liberty without due process of law in violation of both the federal and state constitutions. In count three, the plaintiff alleges that the Board violated General Statutes 10-151(c) and (d). Finally, in count four, the plaintiff alleges that the Superintendent of the Board delegated the responsibility of supervising her performance to the principal Gail Karwoski and Adam S. Burrows. The plaintiff further alleges that these defendants, while acting within the scope of their employment with the Board, were negligent in performing their evaluation duties, and as a result of such negligence the plaintiff was injured.
The plaintiff seeks a temporary injunction, on the basis of counts one through three of her complaint to restrain the Board from interfering with the performance of her duties until the Court rules on her claims, thereafter a permanent injunction, and on count four the plaintiff seeks money damages.
The plaintiff filed a motion to dismiss the plaintiff's four-count amended complaint on July 24, 1992 on the grounds that it is (1) untimely; (2) the plaintiff is not tenured and has no right to appeal under General Statutes10-151; (3) plaintiff's constitutional claims fail to state a claim upon which relief can be granted; and (5) the individually named defendants are immune from suit and indemnified from liability. Along with their motion, the defendants filed a memorandum of law in support thereof and a memorandum in opposition to the plaintiff's motion for temporary injunction.
On September 17, 1992, the plaintiff filed a memorandum in opposition to the defendant's motion to dismiss and in support of her motion for temporary injunction. A hearing was held before the Court, O'Connell, J., on September 22, 1992.
DISCUSSION
I. Defendant's Motion to Dismiss
The purpose of a motion to dismiss is to test the CT Page 11486 jurisdiction of the court. Reynolds v. Soffer, 183 Conn. 67,68, 483 A.2d 1163 (1981). A party may properly use a motion to dismiss when asserting "(1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Practice Book Section 143, Barde v. Board of Trustees, 207 Conn. 59,539 A.2d 1000 (1988). Subject matter jurisdiction relates to the court's authority to adjudicate a particular type of legal controversy. State v. Malkowski, 189 Conn. 101, 105,454 A.2d 275 (1983).
a. Timeliness of Defendant's Appeal
The defendants argue that counts one and three of the plaintiff's complaint, which challenge the nonrenewal of her contract alleging that the proper termination procedures specified in the Teacher Tenure Act General Statutes10-151(a)-(f) were not followed, must be dismissed because the appeal was not filed within 30 days from the date of the Board's decision to nonrenew.
The plaintiff concedes, in her brief, that the complaint was not filed within thirty days but argues that the time limitation is irrelevant as she is not appealing but rather filing a direct action against the board of education. The plaintiff argues that as a tenured teacher whose contract has been nonrenewed she does not have a right of appeal under General Statutes 10-151. If the plaintiff has no right of appeal in the first instance, the plaintiff argues in her brief, there can be no late exercise of such (non) right of appeal.
The plaintiff argues that she was removed from her employment without statutory authority and in violation of the safeguards provided her in that: (1) she was a tenured teacher who was never terminated pursuant to General Statutes10-151(d) and thus her contract shall be continued; (2) even if she had not attained tenure, her non-renewal was not accomplished in the manner provided in General Statutes10-151(c).
"(A)ccess to the courts under the Teacher Tenure Act is possible only on appeal of a decision of the board of education. General Statutes 10-151(f)." Kolenberg v. Board CT Page 11487 of Education, 206 Conn. 113, 222 A.2d 308 (1988).
"There is no inherent right to judicial review of administrative actions. This court has repeatedly held that appeals to the courts from administrative officers or boards may be taken only when a statute provides an authority for judicial intervention." (citations omitted.) Delagorges v. Board of Education, 176 Conn. 630, 410 A.2d 461 (1979).
In Cahill v. Board of Education, 187 Conn. 94,502 A.2d 410 (1982). A plaintiff had bypassed her appeal right under General Statutes 10-151 and instead brought a direct action against the Board. The defendant argued that the court had no jurisdiction because a suit against the board cannot be maintained except under provisions created by statute. The court held that the defendant's position that the plaintiff's only recourse is statutory would have been correct if the action had only been based upon wrongful termination of her employment. Id. However, the plaintiff's complaint also alleged breach of contract and, to "[t]he extent that the complaint alleged a breach of the agreement, the court had jurisdiction to hear the case." Id., 103.
"Where a right to judicial review is created by statute, the failure to satisfy the conditions required by the statute deprives the superior court of jurisdiction to entertain the appeal." (citations omitted.) Mazur v. Blum,184 Conn. 116, 441 A.2d 65 (1981).
Because the plaintiff alleges in counts one and three that the board acted in violation of the General Statutes 10-151 and 10-151(c) and (d) respectively, the plaintiff is seeking a judicial review of the Board's decision to nonrenew her contract. Therefore, in order for this court to have jurisdiction over counts one and three of the plaintiff's complaint, the statutory requirements of General Statutes 10-151(f), under which the legislature has granted the court limited authority to review decisions rendered by boards of education, must be met. See Mazur v. Blum, supra.
General Statutes 10-151(f) reads in relevant part: "Any teacher aggrieved by the decision of a board of education after a hearing as provided in subsection (d) of this section may appeal therefrom within thirty days of such CT Page 11488 decision to the superior court." This time period is jurisdictional in nature and a failure to comply with it is a fatal defect. Searles v. West Hartford Board of Education,6 CSCR 773 (July 29, 1991, Purtill, J.)
Therefore, since thirty days have passed from the date of the Board's decision, the plaintiff's right to appeal under the statute, if any, has passed, and the Court lacks jurisdiction. Accordingly, the Court grants the defendant's motion to dismiss counts one and three of the plaintiff's complaint.
b. The Plaintiff's Constitutional Claims
The plaintiff alleges, in count two of her complaint that the Board's decision to nonrenew her contract deprived her of liberty and property without due process of law in violation of the Fourteenth Amendment to the U.S. Constitution and Article I, Section 8 of the Connecticut Constitution.
The defendant argues that the plaintiff's constitutional claims must fail because non-tenured teachers do not acquire a property interest in their employment and she has failed to identify any protected liberty interest.
The defendants' argument that the plaintiff's constitutional claim fails to state a claim upon which relief may be granted does not implicate the Court's subject matter jurisdiction, and therefore, is not appropriately made upon a motion to dismiss.
However, there is a jurisdictional issue surrounding the plaintiff's constitutional claims which must be addressed by the court. Where a statutory right of appeal from an administrative decision exists, an aggrieved party may not bypass the statutory procedure and bring about an independent action "`to test the very issue which the appeal was designed to test.'" (citations omitted.) LaCroix v. Board of Education, 199 Conn. 70, 505 A.2d 1233 (1986). The failure to exhaust available administrative remedies implicates the court's subject matter jurisdiction and, therefore, this issue must be addressed by the Court although not raised by the parties. CT Page 11489
This rule of exhaustion of remedies is subject to a few exceptions, one of which involves certain constitutional challenges to the propriety of the procedures followed by the administrative agency or board. LaCroix v. Board of Education, supra, 79 citing Connecticut Light Power Co. v. Norwalk, 179 Conn. 111, 425 A.2d 576 (1979). For example, the "exhaustion of administrative remedies is not required when the challenge is the constitutionality of the statute or regulation under which the board or agency operates rather than the actions of the board or agency." (citations omitted.) Id., n. 7, 79.
Furthermore, courts have allowed direct actions where the plaintiff did not deliberately bypass the appeal process; see LaCroix, supra, 81; Connecticut Light Power Co. v. Norwalk, supra; or when utilizing the process would be inadequate or futile. Cahill v. Board of Education, supra, 241.
 1. Whether the Plaintiff had a Right to an Appeal under General Statutes 10-151
In order to determine whether the plaintiff failed to exhaust her administrative remedies, it is necessary to first determine if any were available to her.
The plaintiff argues, in her brief, that General Statutes 10-151 does not provide a tenured teacher whose contract was nonrenewed a right to appeal the Board's decision.
Under General Statutes 10-151(c), a non-tenured teacher who has received a nonrenewal notice prior to April first of the school year has no right to appeal. Pursuant to General Statutes 10-151(f), a tenured teacher may appeal the decision of the Board, after a hearing, to the Superior Court. Thus, in this instance, the plaintiff's right to appeal hinges upon the plaintiff's tenure status.
The relevant provisions of General Statutes 10-151
regarding teacher tenure read as follows:
 (6)(A) The completion of thirty school months of full-time continuous CT Page 11490 employment for the same board of education.
 (6)(C) Except as provided in sub-paragraph (B) of this subdivision, any teacher who has attained tenure with any one board of education and whose employment with such board ends for any reason and who is reemployed by such board or is subsequently employed by any other board, shall attain tenure after completion of sixteen school months of continuous employment. The provisions of this subparagraph shall not apply if, (i) prior to completion of the sixteenth school month following commencement of employment by such board, such teacher has been notified in writing that his or her contract will not be renewed for the following school year or (ii) for a period of five or more calendar years immediately prior to such subsequent employment, such teacher has not been employed by any board of education.
 (7) The term "school month" means any calendar month other than July or August in which a teacher is employed as a teacher at least one-half of the student school days.
The defendants argue that the plaintiff is not a tenured teacher because she had not completed thirty school months of continuous employment.
The plaintiff argues that the exception under General Statutes 10-151(6)(C), which is reprinted above, is applicable because she had attained tenure with the school board prior to her rehiring in 1989 and five or more "calendar years" had not passed between her periods of employment with the Board.
The relevant time periods which are not in dispute CT Page 11491 are as follows:
 (1) The plaintiff was originally hired by the Board as a teacher in September, 1974, and received her standard teaching certificate on July 18, 1979 and her professional certification on August 18, 1989.
 (2) The plaintiff took a leave of absence from December, 1982 through the end of the 1983-1984 school year.
 (3) During the summer of 1984, the plaintiff received a letter from the school board inquiring whether she intended to return to teach in September of 1984.
 (4) The plaintiff sent a letter dated June 18, 1984, notifying the superintendent of schools that she would not return to teaching. The Board accepted the plaintiff's resignation and notified the plaintiff of their acceptance by letter dated June 21, 1984.
 (5) The plaintiff was rehired by the Board and given a one-year contract from August 30, 1989 to August 30, 1990, a second one from August 29, 1990 to August 31, 1991, and a third one from August 28, 1991 and ending August 31, 1992.
 (6) Prior to the conclusion of the 1991-1992 school year the Board notified the plaintiff of its decision not to renew her teaching contract of the 1992-1993 school year in a letter dated March 26, 1992.
The plaintiff argues that the date of September 1984 should be used for the purposes of determining when her CT Page 11492 original employment with the school board ended in order to calculate whether five or more calendar years had passed between then and her subsequent employment. The plaintiff reasons, in her brief, that this date should be used because she was on a leave of absence until September of 1984 and therefore was employed by the Board until that date.
Alternatively, the plaintiff argues, even if the Court finds that the plaintiff's prior employment with the Board ended on June 18, 1984, less than five "calendar years" passed between the two periods of employment because the term "calendar years" refers to a period of time which extends from January first to December thirty-first inclusive. The plaintiff argues, in her brief, that the legislature specifically used the term "calendar years" in such a manner rather than "school years" which refers to the period of time from September to June, or a "year" which refers to twelve consecutive months.
Words of a statute are to be given their common and ordinary meaning, unless a contrary intent is clearly expressed. Martone v. Lensink, 207 Conn. 296, 303,221 A.2d 157 (1988). Furthermore, when construing the words of a statute, a court reads "`the statute as a whole (and so as) to reconcile all parts as far as possible.'" Id., 302, quoting Grodis v. Burns, 190 Conn. 39, 44, 459 A.2d 994
(1983).
The term "calendar year" as used in General Statutes 10-151 has not been interpreted by an appellate court in this state. Black's Law Dictionary, Fifth Edition, defines "calendar year" as "the period from January 1 to December 31 inclusive. Ordinarily calendar year means 365 days except leap year, and is composed of 12 months varying in length."
"The meaning of the term `year' or `calendar year' [however] must be determined from the connection in which it is used and from the intention, express or implied, of the user of the term." 74 Am.Jur.2d Time 8, 591. When used as identification of a particular 12-month period, the term "calendar year," "is generally held to denote the period commencing January 1 and ending December 31. Id. However, in the context of measuring a period of time following a specific date, the term "calendar year" has been interpreted CT Page 11493 to mean "a period of 12 months commencing at a fixed or designated month and termination with the day of the corresponding month in the next succeeding year thereafter, rather than a period commencing January 1 and terminating December 31." Id.
The plaintiff's construction of "calendar years" would be appropriately used for computing income or taxes. However, here, construing the term in the context of the statute as a whole, because the term is used for measuring from a specific date, as such, the appropriate construction is to count five years from the day the prior employment was terminated.
The plaintiff's argument that she was employed with the Board until September of 1984 is erroneous. She resigned her position on June 18, 1984 and her resignation was accepted by the Board on June 21, 1984. Her employment was terminated, at the latest, on June 21, 1984, and as she was not reemployed by the Board until August 30, 1989, more than five "calendar years" had passed between periods of employment.
Because "five or more calendar years" had passed between periods of employment, General Statutes 10-151(6)(C) is of no avail to the plaintiff. As such, pursuant to General Statutes 10-151(6)(A), the plaintiff must have completed thirty school months of continuous employment with the Board in order to have regained tenure. Since the plaintiff was reemployed on August 30, 1989 and was notified of nonrenewal on March 21, 1992, she had only completed 27 school months of continuous employment and therefore does not have tenure.
Because the plaintiff was a non-tenured teacher who was notified of nonrenewal of her contract prior to April first, she does not have a right to appeal under General Statutes 10-151. Therefore, the exhaustion doctrine does not deprive the Court of subject matter jurisdiction to hear the plaintiff's constitutional claims. Accordingly, the defendants' motion to dismiss count two of the plaintiffs' complaint is denied.
C. Plaintiff's Negligence Action CT Page 11494
The defendants seek to dismiss count four of the plaintiff's complaint, in which the plaintiff alleges that the Board, through its employees, was negligent in performing its evaluation duties prescribed under 10-151b and 10-220, on the grounds that: (1) General Statutes 10-151b nor10-220 provides the plaintiff with a right to an appeal; (2) she failed to exhaust her administrative remedies; and (3) the individual defendants, as state employees, are immune from suit under General Statutes 4-165.
The first and third of the defendants' arguments require only brief discussion.
In count four of her complaint, the plaintiff seeks money damages for injuries allegedly sustained due to the negligence of the Board through the actions of its employees while they were acting within the scope of their duties. The plaintiff argues that General Statutes 10-151b requires the superintendent to continually evaluate, or cause to evaluate, a teacher's performance. The plaintiff further argues that, the two individually named defendants to whom the superintendent delegated the duty of the evaluation of the plaintiff's performance, violated General Statutes 10-151b, and thus 10-220 which lays out the duties of the Board. In other words, the plaintiff argues the defendants were negligent in that they breached a duty which is embodied by General Statutes 10-151b and 10-220, and she was injured as a result of the breach.
As the plaintiff is not seeking a judicial review of the Board or the superintendent's actions, but is rather alleging that the Board's employees were negligent in performing their duties, the defendants' first argument, that General Statutes 10-151b and 10-220 do not provide the plaintiff with a right to appeal, fails.
The defendants' argument that the individually named defendants are immune from suit under 4-165 also fails because employees of boards of education are not employees of the state, and as such, are not entitled to the protection of this statute. Sansone v. Bechtel, 180 Conn. 96, 100,429 A.2d 820 (1980). Although it is true that the Board's employees may be indemnified from loss in certain circumstances under General Statutes 10-235, this is irrelevant to the Court's jurisdiction. CT Page 11495
The defendants' exhaustion of administrative remedies argument remains. The defendants argue that the plaintiff chose to ignore two remedies which were available to her to challenge the evaluation process which are as follows: (1) the collective bargaining agreement between the Board and the Regional Eighteen Teachers' Association, of which the plaintiff was a member, provides for a grievance procedure; and (2) the Board and the teachers' union mutually agreed upon an evaluation procedure which includes a five-step appeal process.
"[A]s a matter of state law, parties to a collective bargaining agreement must attempt to exhaust the exclusive grievance and arbitration procedures established in their agreement before resorting to court." School Administrators Assn. v. Dow, 200 Conn. 376, 382,511 A.2d 1012 (1986). However, a plaintiff may resort to court if the agreement does not make the grievance-arbitration process the exclusive remedy for the parties. Id., n. 5 383, citing Republic Steel Corporation v. Maddox, 379 U.S. 650, 657-58,85 S.Ct. 614, 13 L.Ed.2d 580 (1965).
The defendants attached a copy of an excerpt from the collective bargaining agreement to their brief of which the relevant portions read as follows:
A. Definition of a Grievance
 A grievance shall mean a complaint by a teacher that his rights under the specific language of this agreement have been violated, or that as to him there has been a misapplication or misinterpretation of the specific provisions of this agreement.
. . . .
 This procedure shall become null and void whenever an aggrieved party files for remedial action with any Governmental body, court, or board other than those participants and Board outlined in this procedure. . . . CT Page 11496
(Exhibit 16, attached to Defendants' brief.)
The excerpts of the grievance procedure submitted by the defendants do not contain a provision making the grievance procedure the exclusive remedy. In fact, one of the provisions submitted by the defendants actually states that the grievance procedure will be nullified by the filing of an action in court. Therefore, because the agreement does not make the grievance procedure the exclusive remedy, the Court does not lack jurisdiction to hear the plaintiff's claim. See School Administrators Assn. v. Dow, supra. Furthermore, it is doubtful that the plaintiff's claim is subject to the grievance procedure as she is not challenging the language of the agreement or the failure of the Board to follow the agreement.
Finally, the defendants argue the Board and the teachers' union devised a five-step appeals process embodied in their mutually agreed upon teacher evaluation plan designed to allow the teachers to challenge the accuracy of their evaluations. The defendants attached an excerpt from this plan to their brief the relevant provisions of which read as follows:
 In the event that an evaluator and evaluate are unable to mutually agree upon goals or are in disagreement relative to their Summary Evaluation Report, either or both may bring the case to an Appeals Panel, composed of two teachers from the Evaluation Committee and one administrator for the Evaluation Committee.
(Exhibit 16, attached to Defendants' Brief.)
The plaintiff alleges, in her complaint, that one of the ways in which the defendants were negligent is that they did not evaluate her during part of the 1990-1991 and 1991-1992 school year.
Even if the plaintiff was required to utilize the appeal procedure embodied in the evaluation plan, this appeal procedure does not provide the plaintiff a way in which to challenge the absence of evaluation. As such, the plaintiff had no administrative remedy, and therefore, the Court has subject matter jurisdiction to determine the plaintiff's negligence claim. CT Page 11497
Accordingly, the defendants' motion to dismiss count IV of the plaintiff's complaint is denied.
II. Plaintiff's Motion for a Temporary Injunction
The plaintiff, in her complaint, seeks a temporary injunction, based on counts one through three of her complaint, to restrain the Board from interfering with the performance of her duties until the Court rules on her claims.
Because the Court does not have jurisdiction to entertain the first and third counts of the plaintiff's complaint, as discussed above, only count two remains. in count two, the plaintiff alleges that she was deprived of liberty and property without due process of law in violation of both the Connecticut and the United States Constitutions in that: (1) as a tenured teacher the plaintiff had a property right in continued employment, except upon the showing of cause or the bona fide elimination of his/her position; and (2) the reasons for nonrenewal stated by the defendants seriously damage the plaintiff's standing and associations in the community, and reflect adversely upon her honesty, morality, character and judgment, the plaintiff's freedom to pursue her livelihood is seriously impaired, thereby implicating an important liberty interest. Finally, the plaintiff alleges that these acts have caused and will cause irreparable injury for which no adequate remedy at law exists.
The purpose of a temporary injunction is to preserve the status quo and protect the moving party from immediate and irreparable harm until the rights of the parties can be determined on a full hearing. Olcott v. Pendleton, 128 Conn. 292, 295, 22 A.2d 633 (1941). The plaintiff, to be entitled to such relief, must show (1) probable success on the merits of the claim; (2) a balancing of the results which may be caused to one party or the other from the granting of such temporary relief; (3) irreparable injury; and (4) lack of an adequate remedy at law. Griffin Hospital v. Commission on Hospitals and Health Care,196 Conn. 451, 493 A.2d 229 (1985). "The issuance of an injunction is the exercise of an extraordinary power which rests within the sound discretion of the court. . . ." CT Page 11498 Scolville v. Ronalter, 162 Conn. 67, 74, 291 A.2d 222 (1971).
In Cahill v. Board of Education, 187 Conn. 94,502 A.2d 910 (1982), the Connecticut Supreme Court upheld the lower court's denial of an injunction. The plaintiff, in the underlying action alleged, inter alia, that the board wilfully and deliberately attempted to discredit her and to injure her reputation. Id., 97. The jury issued a general verdict for the plaintiff and awarded her damages. Id. On appeal, the court affirmed the lower court's denial of an injunction holding that the plaintiff received an adequate remedy at law in the form of damages.
Although a tenured teacher does acquire a property interest in a right to continued employment; Lee v. Bristol Board of Education, 181 Conn. 69, 72, 434 A.2d 333 (1980); a nontenured teacher does not have such a right. Id., n. 4 72, citing Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074,48 L.Ed.2d 684 (1976). See also Shanbroom v. Orange Board of Education, 2 Conn. L. Rptr 396 (Hodgson, J., September 11, 1990).
The United States Supreme Court, in Board of Regents of State Colleges v. Roth, 408 U.S. 564,92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), stated that a nonteacher may have a liberty interest consisting of his reputation or honor that entitles her to due process protection. However, in Bishop v. Wood, supra, the court held that no liberty interest of a teacher was affected by the dismissal of a nontenured teacher when there was no public disclosure for the reasons of the teacher's discharge. The plaintiff has not demonstrated probable success on the merits or that she does not have an adequate remedy at law. As a nontenured teacher, the plaintiff does not have a property interest in continued employment, and therefore, the plaintiff has not shown that it is probable that she will be successful on her claim that she was deprived of property without due process of law.
Although the plaintiff may have a liberty interest in her reputation, she has not demonstrated probable success on this claim. The defendants attached the affidavit of Superintendent D'Agostino to their brief in which he stated that the hearing on the plaintiff's nonrenewal was closed to the public at the plaintiff's request. (Exhibit A, attached CT Page 11499 to the Defendants' brief.) In light of this, coupled with the absence of any evidence submitted by the plaintiff on this issue, the plaintiff has not shown that probable success on the merits of this claim. See Bishop v. Wood, supra.
As the plaintiff has not shown probable success on the merits of her claim, nor has she shown that she does not have an adequate remedy at law, the Court hereby denies the plaintiff's motion for a temporary injunction.
CONCLUSION
The Court hereby grants the defendants' motion to dismiss counts one and three of the plaintiff's complaint on the ground that the Court does not have subject matter jurisdiction to hear the plaintiff's appeal. The Court hereby denies the defendants' motion to dismiss counts two and four of the plaintiff's complaint.
R. T. O'Connell, J.